[ *120 ]
*Ellswokth, J.
We all think there is error in the judgment of the court below, though we are not entirely agreed as to the duty of the court to reverse the judgment upon the errors assigned. Several grounds for reversal have been claimed by counsel, but we have occasion to consider, only a part of them.
The defendant gave notice that he should, if necessary, set off against the claim of the plaintiff, a judgment for $39.32, in his favor, recovered in the superior court, at its October term, 1852. He made no claim in his notice for a balance due him above the plaintiff’s claim, and gave no notice that he should ask for a judgment for such a balance, and yet he has a judgment now for a balance of $176.36; the greater part of which balance consists of costs in the then pending action on that judgment, wdiich had not been taxed, and had not even accrued, at the commencement of the plaintiff’s suit; for the case of Finch v. Ives had not then gone into judgment, and no costs had been awarded ; they were as yet future. So that the balance, beyond the $39.32 and interest thereon, being together $53.48, was neither due at the commencement of the present action, nor *99 mentioned or claimed in the notice ; nor was it the same subject matter as that contained in the notice. These, we think, are most serious objections to the judgment, for the so called balance of $176.36, in the defendant’s favor.
Some of the court, too, believe that, as the present action was commenced in a justice court, where a balance, in set-off, of only $35 can be recovered by the defendant, (such being the language of the statute,) no more can be recovered here ; that the case comes up as it originally stood, for review, and for that purpose only ; and further, that if the defendant becomes, as it were, a plaintiff, by a species of cross action, he must, in his notice or plea, specify 1ns claim, and must be confined to the limits of the jurisdiction in which the case was begun. 1 Chitty on Cont., 847. Carpenter v. Butterfield, 3 Johns. Cas., 146. Jefferson County Bank v. Chapman, 19 Johns., 324. And further, we are not able to see why Ives should not have been left to hold his own ^judgment for $205.53, which he [ *121 ] recovered at that very term of the court, instead of taking judgment first in his own case, and then again, by waj of a balance, in the case against him. He seems now to have two judgments in his favor for the same debt. There is manifest error.
In this opinion, Stores, C. J., and Hinman, J., concurred. Sanford, J., was of opinion that the judgment should be affirmed.
McCurdy, J.
I should incline to the opinion of Judge Sanford, sustaining the decision of the superior court, but I think the case is not so presented here that we can with propriety pass upon it.
It comes up on a finding by the judge, reciting generally all the facts, and stating that the defendant claimed a right of set-off, to which the plaintiff objected, but which the court admitted ; and thereupon the motion in error is filed, averring that the court, in admitting the set-off, mistook the law.
Now I do not see how this recital of facts is any part of the record in a motion in error. It is said it can be made so by treating it as a bill of exceptions. But, 1st: It is not a bill of exceptions. 2d. If it had been offered as such, it conld not, according to one of the rules of this court, have been allowed. 3d. If it had been allowed, the motion predicated upon it could not have been heard here, in consequence of another rule, which says “ that in every motion in error there must be a special assignment of errors, in which the precise matters of error ór de *100 feet in the proceedings below, relied upon ás the grounds of reversal, must be set forth, and no others will be heard or considered by the court.’.’ It is difficult to conceive a motion to which this rule would be more fatal, as no assignment of errors could have been more general and indefinite.
In this case the amount at stake is small, the legal principles involved are, at least, doubtful, and the merits are confessedly with the defendant.
I am unwilling to violate our most salutary rules, merely *to allow’ a legal exception of questionable im- [ *122 ] port to defeat a just judgment.
Judgment reversed.