SYLVANUS H. HENRY *vs*. EGBERT T. BUTLER.

A debt, to be set off, must have been due at the time the suit was brought.

COVENANT, to recover a stipulated sum of money. Plea of set-off. The debt offered to be set off was by a note of the plaintiff to the defendant, given before the commencement of the suit, but not due at the time the suit was brought, though due at the time of trial. The plaintiff objected to the set-off because the debt was not due when the suit was brought. Case reserved by the superior court for advice.

*Peck* and *Graves*, in support of the set-off, cited *Clarke* v. *Magruder*, 2 Har. & Johns., 77.

*Hall* and *Hitchcock*, contra.

McCURDY, J. In trials according to the course of the common law the defense is usually confined to acts and facts immediately connected with the subject matter of the plaintiff's demand. A distinct cause of action in favor of the

defendant requires a separate suit in his own name.  The
propriety of this practice is obvious.  It tends to prevent sur-
prise to the plaintiff and to avoid the confusion and embarrass-
ment of trying at the same time, and before the same jury,
different issues, depending upon different pleadings and evi-
dence and legal principles, and perhaps requiring separate
verdicts.  Yet it has been found expedient to incur this
inconvenience in particular cases for the purpose of promoting
justice and preventing circuity of action.

The right of set-off exists only by statute.  It was given in
England by the act of 2 Geo. 2, ch. 22, § 13.  This provides
" that when there are mutual debts between the plaintiff and
defendant, or if either party sue .or are sued as executors or
administrators when there are mutual debts between the testa-
tor or intestate and the other party, one debt may be set off
against the other, and such matter given in evidence on the
general issue or pleaded in bar ; but if intended to be given in
evidence on the general issue, notice must be given of the par_
ticular sum intended to be set off, and on what account it has
become due."  Our statute was first passed in the year 1818.
Its terms have been somewhat varied at the subsequent revis-
ions, but so far as the present question is concerned, the lan-
guage and conditions have remained the same.  And in these
respects it is nearly identical with the English statute.  In
the case of *Palmer* v. *Green*, 6 Conn., 19, Chief Justice
Hosmer says :—" By the statute on this subject, the right of
set-off is limited to mutual debts between the plaintiff and
defendant, and the same law exists in England."

Enactments with similar phraseology have been introduced
throughout the states of the Union ; and wherever the question
now before the court has arisen, either in this country or England,
it is believed that, with a single exception, the decisions have
been uniform, that a debt to be the subject of set-off must have
been due at the commencement of the action.  Such has ever
been the understanding of the courts and the profession in this
state ; and in the case of *French* v. *Ives*, 28 Conn., 115, a
principal reason given for reversing the judgment, which had
allowed a set-off, was that the greater part of the debt set off

had accrued since the commencement of the action. The decisions elsewhere are very numerous, and a few only will be cited. 1 Chitty Pl., 572 ; 2 Parsons on Prom. Notes, 607 ; *Eland* v. *Karr*, 1 East, 376 ; *Braithwaite* v. *Coleman*, 4 Nev. & Man., 654 ; *Edwards* v. *Delaplaine*, 2 Harring., 322 ; *Varney* v. *Brewster*, 14 N. Hamp., 49 ; *Houghton* v. *Houghton*, 37 Maine, 72 ; *Carpenter* v. *Butterfield*, 3 Johns. Cas., 145. The exception referred to is a case in Maryland, (*Clarke* v. *Magruder*, 2 Har. & Johns., 77,) which occurred many years ago, and which hardly disturbs the current of authorities.

Much stress has been laid upon a clause of the statute (Civil Actions, sec. 92,) which says, that " *if it shall appear upon the trial* that the plaintiff is indebted to the defendant the court shall give judgment for the defendant,"· &c. But this manifestly refers, not to the date at which the indebtedness as between the parties may have accrued, but to the time when it is ascertained and adjusted. And it can not be intended to impair the principle which, with a few exceptions, such as release, payment, accord, and some others, is a general one, that the rights of the parties are to be examined and settled on the trial as they stood at the bringing of the suit.

We advise that the set-off be not allowed.

In this opinion the other judges concurred.