### NORMAN SPURR *vs.* LEVI SNYDER AND OTHERS.

A judgment against *A* and *B* can be set off in equity against a claim of *A* individually.

The acts of 1866 and 1868 having authorized such a set-off in actions at law, the rule will be adopted in equity.

BILL IN EQUITY for a set-off. The bill alleged that the petitioner in 1863 recovered a judgment in Massachusetts against the respondents, Henry Snyder and Levi Snyder, for $1,747 damages and $22.57 costs, which judgment was still in force, and on which there was now due to the petitioner the sum of $649.26; that Levi Snyder had brought an action against him upon two notes, previously given by him to said Levi, one for $75 and interest, dated March 29th, 1862, and the other for $25 and interest, dated April 1st, 1862, which action was pending before the Superior Court in Litchfield County; that the court had refused his motion in that case to be allowed to set off his judgment against the demand of the plaintiff in the action; that both Levi Snyder and Henry Snyder were insolvent, and both resided out of this state, and neither had any property within the state; and that Levi Snyder, since the commencement of his suit, had assigned the

claim on which the suit was brought, to another party, who had full knowledge of the petitioner's judgment, and of his claim to a set-off; and praying. the court to decree that so much of the petitioner's judgment against Henry Snyder and Levi Snyder as should be necessary to satisfy the claim of Levi Snyder in his action against the petitioner, be set off against such claim, and in satisfaction of the same.

The Superior Court found the allegations of the petition to be true, and reserved the case for the advice of this court.

*O. S. Seymour*, for the petitioner, cited Acts of 1866, Ch. 92; Acts of 1868, Ch. 63; Gen. Statutes, p. 24, sec. 109; *Pond* v. *Smith*, 4 Conn., 297; *Simson* v. *Hart*, 14 Johns., 63; *Dennis* v. *Elliott*, 2 H. Bla., 587; *Mitchell* v. *Oldfield*, 4 T. R., 123; Buller, N. P., 336.

*Graves* and *Andrews*, for the respondents, cited *Snyder* v. *Spurr*, 33 Conn., 407; *Atkins* v. *Churchill*, 19 id., 394; Barbour on Set-Off, 145; *Sears* v. *Patrick*, 23 Wend., 528; *Johnson* v. *Bridge*, 6 Cowen, 693; *Duncan* v. *Lyon*, 3 Johns. Ch. 351; *Dale* v. *Cooke*, 4 id., 11; 2 Story Eq. Jur., § 1437.

BUTLER, J.  When the question involved in this case and between the same parties was presented to us before, it was in an action at law, and turned on the construction of our statute. It is now presented in equity, and is to be determined by different rules and principles.

The doctrine of set-off has always been recognized in the civil law by the term "compensation," and has been adopted in all the systems of jurisprudence copied from that law. It was not known or adopted in the common law of England, although founded confessedly in justice and sound policy, until reluctantly and cautiously introduced under the pressure of glaring necessity by successive but limited statutes. "The common law," says Judge Story, "in rejecting it from its bosom, seems to have reposed upon its own sturdy independence or its own stern indifference." Lord Mansfield undertook to give the reason for that objection. He said: "Natural equity says that cross demands should compensate each other by de-

ducting the less sum from the greater, and the difference is the only sum which can be justly due. But positive law, for the sake of the *forms of proceeding* and *convenience of trial*, has said that each must sue and recover separately in separate actions." The forms of proceeding and trial have since been greatly modified and simplified, and if they ever did furnish a plausible reason why the doctrine should not be incorporated into the common law, that reason has lost very much of its force.

In courts of equity the doctrine was introduced early though cautiously, and relief was granted only in cases where some peculiar equity other than the "natural equity of compensation" furnished an excuse for it; and distinguished chancellors limited themselves in the enforcement of that natural equity, while admitting its existence and force, because it *was not recognized in the law.* Eminent modern jurists have lamented this. "It is a marvel," says Judge Story, "that courts of equity should have hesitated to foster it, (the doctrine of set-off,) when their own principles of decision seem to demand a most comprehensive and liberal action on the subject."

This case presents no peculiar equity, but it presents the "natural equity" in the strongest possible light. The respondent-plaintiff lives out of the state, and so does the other judgment debtor, and both are insolvent. The petitioner-defendant has not only a right to collect the whole judgment debt out of the respondent-plaintiff, but there is no pretence of any interfering equity, and the debt against which the set-off is sought is less than one-half the balance due upon the joint judgment. Whether, under such circumstances, we should have the courage to disregard the long line of wrong precedents, and enforce the simple but clear natural equity, if there were nothing else in the case, it is unnecessary to say; for courts of equity, although they have felt themselves restrained by the rules of the law, and have been cautious in going beyond them, have followed closely upon every modification, and have not only enforced the natural equity wherever they could find an additional peculiar equity to justify it, but also, where there was no peculiar equity, as fast and as

far as that natural equity has been recognized or incorporated by statute in the law.

In 1866 the legislature of this state recognized the natural equity of a set-off in a case like this, and modified the law so that advantage could be taken of it in civil actions. That statute was repealed in 1868, and re-enacted at the same time, in the same act, and in precisely the same words. We have no occasion to inquire into the purpose or effect of that repeal and re-enactment. Whether it was intended to affect this case or not, or can affect it, or whatever may be said of it, it can not be said that it furnishes any evidence of an intention in the General Assembly to change the law, or withdraw its recognition of the natural equity of such a set-off. We shall but do our duty, therefore, and conform to the most cautious precedents in equity, if we follow closely up to that line of recognition, and advise that the petitioner is entitled to relief.

The Superior Court is therefore advised to grant the prayer of the petition.

In this opinion the other judges concurred.