### DAVID N. PARSONS *vs.* HORATIO ROOT.

*R* was factorized as the debtor of *F*. At the time of the service of the process he owed *F*, but had at the time a contract with *F* upon *R*'s performance of which *F* would become largely indebted to him. This contract was not then performed and nothing was due upon it, but it had since been fully performed by *R*, and he had a claim upon it against *F* much larger than the debt originally owed by him to *F*. Held that *R* could not set off his claim against *F*.

*R*'s right of set-off was the same that it would have been if a suit had been brought by *F* at the time the factorizing process was served.

And held that it made no difference that *F* was insolvent.

SCIRE FACIAS upon a process of foreign attachment ; brought to the Court of Common Pleas of Hartford County. The following facts were found by a committee :—

The defendant was factorized by the plaintiff as the debtor of French & Nichols, service being made upon him on the 2d day of February, 1872. Judgment was obtained against French & Nichols for $96.22 debt and $46.18 costs. An execution was issued, and demand made by a proper officer on the execution upon the present defendant, on the 1st day of August, 1872, within sixty days after the rendition of the judgment, but the defendant refused to pay the amount due on the execution and denied being indebted to French & Nichols.

During the time covered by the transactions to be stated French & Nichols were carpenters, and the defendant Root

was a mason.  Business dealings commenced between them in April, 1871, when Root began to do mason work for French & Nichols, upon a house belonging to one Westland. This job and a small one upon another building were finished in July, 1871.  About that time they contracted to build a house for Lester S. Hills.  The contract with Hills was in the name of Root; but as between themselves, French & Nichols agreed to do the carpenter work, painting, tinning, papering, and plumbing, and to furnish the mantels. Root was to do the mason work.  French & Nichols also built a barn for Root.  The parties had no settlement after May 2d, 1871.  As the result of all this business Root, on the 1st day of January, 1872, and prior to the service of the writ of attachment, owed French & Nichols $169.88, which he has not paid unless as hereinafter stated.

In January, 1872, and before the service of the writ, Root entered into an entire contract with French & Nichols to furnish the brick for, and do certain mason work upon, a house which they were building for one Goodale, for the sum of $330, to be paid by French & Nichols.  No time was specified for the completion of the work or for payment, and it was not completed when the copy was left in service. Root had, prior to February 2d, 1872, the date of the factorizing attachment, furnished brick to the amount of $132 under the contract, and had done no other work upon the house.  At the time of the attachment French & Nichols were insolvent.  Root completed his contract, and has never received any payment therefor, French & Nichols being still insolvent.

Upon the hearing upon the report of the committee, as to what judgment should be rendered thereon, the plaintiff claimed, as matter of law, that on the facts found judgment should be rendered for him, because on such facts no indebtedness existed from French & Nichols to Root that could be set off against or applied to discharge the indebtedness of Root to them, and that the court should decide that, when the copy of the writ was left in service with Root, he was indebted to French & Nichols in the sum of $169.88.  But

the court (*Briscoe, J.,*) overruled the claims of the plaintiff, and rendered judgment for the defendant.

The plaintiff brought the record before this court by a motion in error, assigning as error the allowing of the set-off by the court.

*Bennett*, for the plaintiff.

1. It is a well settled principle that the rights of the parties were to be examined and settled on the trial as they existed at the beginning of the suit. *Henry* v. *Butler*, 32 Conn., 140 ; *Tucker* v. *Jewett*, id., 563. The beginning of this suit is the date of the service of the writ of foreign attachment upon the garnishee. *Fitch* v. *Waite*, 5 Conn., 122.

2. The plaintiff is entitled to recover of the garnishee, if, at the time the process of foreign attachment was served upon him, he was indebted to French & Nichols. Gen. Statutes, tit. 1, secs. 289, 293 ; *Fitch* v. *Waite*, supra.

3. The indebtedness of the garnishee, and the contract made by the garnishee with French & Nichols, are disconnected and independent claims ; and as such cannot be applied for the purpose of cancelling each other, except by agreement of the parties, or by virtue of the statute of set-off. *Starkey* v. *Peters*, 18 Conn., 185. There was no agreement that the contract should be applied to discharge the debt of the garnishee. The contract was entire. Nothing was due on it until the work was finished. 1 Swift Dig., 194, 197 ; 2 Parsons on Cont., 522 ; *Coburn* v. *City of Hartford*, 38 Conn., 293. The garnishee's right of set-off in this action is the same as it would have been in an action instituted by the defendants to recover the same debt. Drake on Attach., § 682; *Fitch* v. *Waite*, 5 Conn., 123. At the date of garnishment the garnishee had no such claim on the contract as would entitle him to a set-off. *Finch* v. *Ives*, 28 Conn., 120 ; *Henry* v. *Butler*, 32 id., 141. It is the well-estabished rule that the garnishee can set-off against his indebtedness only such claims as have matured and become debts at the time of garnishment. Exceptions to this rule are found only where peculiar provisions of the statutes of foreign attach-

ment allow a modification. *Self* v. *Kirkland*, 24 Ala., 275; *Ingalls* v. *Dennett*, 6 Greenl., 79; *Pennell* v. *Grubb*, 13 Penn. S. R., 552; *Taylor* v. *Gardner*, 2 Wash. C. C., 488; *Edwards* v. *Delaplaine*, 2 Harring., 322.

4. The insolvency of French & Nichols cannot affect the case. The contract was an obligation upon the garnishee created by his own voluntary act, and he is held to make good his contract according to its terms. *School District* v. *Dauchy*, 25 Conn., 536. The garnishee could have protected himself by a stipulation in his contract at the time of making it. Also by a mechanics' lien. The plaintiff was a creditor of the defendants at the time of garnishment; the garnishee was not, and it was uncertain whether he would ever be a creditor.

*E. H. Hyde*, for the defendant.

1. The defendant, in his relation to the present suit, is a mere depositary of the money sought to be recovered, and the plaintiff has no rights whatever as against him, except such as are entirely derived from, and, of course, pre-existed in, the original defendants. And of course the defendant can have lost no rights in regard to the money in his hands which existed at the time the original writ was served, no matter whether those rights were then full and complete or only contingent. It follows, therefore, that he can avail himself of anything in defense of this action of which he could have availed himself had it been brought by the original defendants themselves. And such we understand to be the universal rule in garnishment. Drake on Attach., §§ 458, 462, 660, 672, 691; *Hathaway* v. *Russell*, 16 Mass., 473; *Harris* v. *Phœnix Ins. Co.*, 35 Conn., 311.

2. What, then, would be the defendant's rights were the original defendants the real plaintiffs in this suit? The supposed plaintiffs are insolvent, and if we are forced to pay them to-day, the result will be that to-morrow we shall seek in vain the payment of the debt due us. The law would, perhaps, countenance such a result, because they happened to bring their suit before our debt was due. But will not equity inter-

fere to prevent such glaring injustice ?   Courts of equity have long exercised jurisdiction in matters of set-off, and although the general rule undoubtedly is, that equity follows the law in such cases, yet when a case presents a peculiar equity, such as, for instance, when from the nature of the demands, or situation of the parties, the party seeking the set-off must otherwise lose his claim, then equity allows the set-off regardless of the rules at law ; and the insolvency of the party against whom the set-off is sought, has always been recognized by judges as affording that peculiar equity.   Waterman on Set-off, §§ 375, 395 ; *Lindsay* v. *Jackson*, 2 Paige, 581 ; *Gay* v. *Gay*, 10 id., 369 ; *Pond* v. *Smith*, 4 Conn., 297 ; *Feazle* v. *Dillard*, 5 Leigh, 30.   We are entitled to enforce our equitable rights in the action, because,— 1st.   Otherwise, that fundamental rule of garnishment, that a garnishee is not to be injured by being made a party to a suit in which he has no interest, cannot be maintained.   2d.   Garnishment is purely a statutory proceeding, and is not a suit, strictly speaking, against the garnishee, though he is a party to it, but only a process by which the " goods or effects," or " debts " of the defendant, in his hands, may be attached ; and, notwithstanding that the defendant would have to adopt other and perhaps various modes of proceeding to recover such " goods or effects " or " debts," yet the plaintiff may recover them all in this one proceeding.   And it must follow as a matter of course, from the extensive nature of the process, and for the protection of the garnishee, that he can avail himself, in this one proceeding, of any right he has to retain such " goods or effects " or " debts," without reference to the mode of proceeding he would have to adopt to enforce those rights against the original defendant.   3d.   As the courts in this state have both law and equity jurisdiction, there can be no objection to this mode of procedure.   In Massachusetts almost the precise questions involved in this case arose in 1828, and were decided in exact conformity with the principles for which we contend.   *Boston Type Co.* v. *Mortimer*, 7 Pick., 166.   The Supreme Court of Massachusetts have taken a still more liberal view of the rights of a garnishee in matters of

set-off, and it seems to be the rule there that a garnishee may set-off any claim becoming due to him from the defendant at any time before final answer, upon a contract existing at the time of garnishment. *Smith* v. *Stearns*, 19 Pick., 20. And the Massachusetts statute, at the date of the decisions referred to, was very like our own statute. The same rule prevails in New Hampshire, and under a similar statute. *Swamscot Machine Co.* v. *Partridge*, 5 Foster, 369; *Boardman* v. *Cushing*, 12 N. Hamp., 105; *Boston & Maine R. R. Co.*, v. *Oliver*, 32 id., 172. Likewise in Vermont, but there by express enactment. And in view of the tendency of our sister states to thus fully protect a garnishee, even in an ordinary case, by a liberal construction of this statute, certainly this court will be careful not to restrict his rights in a case like this, where such peculiar equities have intervened.

3. We are entitled to the set-off on another ground, namely, on the ground that there was a "mutual credit" between the parties and an implied agreement that the work of the one should be set off from time to time against the work of the other. This is evident from their course of dealing, and from the fact that they had no settlement, and that not one cent of *money* passed between them, from May, 1871, till this suit was brought. This doctrine of "implied agreement," founded on the fact of "mutual credit" or "trust," has always been recognized and enforced by courts, regardless of the statutes of set-off. 2 Story Eq. Jur., § 1435 and note; Waterman on Set-off, §§ 134 and note, 384 and note, 400.

PARK, C. J. The garnishee's right of set-off in this case is the same as it would have been if an action had been brought by French & Nichols against him to recover the debt sought to be appropriated by the plaintiff in satisfaction of his claim against them. *Fitch* v. *Waite*, 5 Conn., 117; *Harris* v. *Phœnix Ins. Co.*, 35 Conn., 311. At the date of the garnishment the garnishee had no claim on his contract with French & Nichols that could have been set-off on a suit brought by them against him. *Finch* v. *Ives*, 28 Conn., 120; *Henry* v.

*Butler*, 32 Conn., 141. There was nothing due at that time, and it was uncertain whether any thing ever would be due. The rule of set-off is the same at law and in equity, and in either would deny the right in this case, claimed by the garnishee. *Spurr* v. *Snyder*, 35 Conn., 172.

There is manifest error in the judgment complained of, and it is reversed.

In this opinion the other judges concurred.