## GENERAL BONDING & CASUALTY INS. CO. v. OKLAHOMA FIRE INS. CO. et al.

No. 8865—Opinion Filed May 7, 1918.

On Rehearing, June 10, 1919.

### 1. Corporations—Ultra Vires—Validity of Mortgage—Constructive Notice.

Same as in No. 8849, Union Trust Co., a Corporation, v. Mollie N. Hendrickson, as Administratrix, et al., 69 Oklahoma, 172 Pac. 440.

### 2. Appeal and Error—Failure to File Brief —Reversal.

Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief, in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the plaintiff in error or the rights of the parties.

(Syllabus by Pryor, C.)

Error from District Court, Oklahoma County; W. C. Crow, Assigned Judge.

Action between the General Bonding & Casualty Insurance Company and the Oklahoma Fire Insurance Company, the Union Trust Company, the Occidental Fire Insurance Company, and others. From the judgment the General Bonding & Casualty Insurance Company brings error. Affirmed as to the Union Trust Company, and reversed and remanded as to the other defendants in error, with directions to grant a new trial except as to the Occidental Fire Insurance Company, and action as to it dismissed.

Chas. West and Albert L. McRill, for plaintiff in error.

Ames, Chambers, Lowe & Richardson, for defendant in error Union Trust Co.

PRYOR, C. This appeal arises out of the same cause as the appeal in the case of Union Trust Co. v. Mollie N. Hendrickson et al., 69 Oklahoma, 172 Pac. 440. The only question involved on appeal pertains to the controversy over the priority of the claims of the parties against certain real estate of the Oklahoma Fire Insurance Company, which constitutes its principal assets.

The Union Trust Company held, at the time of the action in the lower court, a first mortgage on said real estate, and the General Bonding & Casualty Company had a subsequent mortgage. As the validity of the mortgage of the Union Trust Company is sustained by the decision of this court in the case of Union Trust Co. v. Mollie N. Hendrickson et al., supra, this question between the bonding company and the trust company is settled, and this cause, so far as it pertains to the rights between the plaintiff in error and the Union Trust Company, is affirmed.

As to the other defendants in error, Oklahoma Fire Insurance Company, Occidental Fire Insurance Company, M. N. Hendrickson, administratrix of the estate of W. B. Hendrickson, M. C. Reddington, L. S. Johnson, A. L. Welch, Insurance Commissioner of the State of Oklahoma, Marie Kimpel, and J. A. Baker, the plaintiff in error having perfected its appeal to this court and filed briefs reasonably sustaining its assignments of error, and the defendants in error having filed no brief, nor given any reasonable excuse for their failure to do so, this court will not search the record to find a theory upon which to sustain the judgment of the trial court. The cause should be reversed and remanded as to such defendants in error, with directions to the court to grant a new trial.

#### On Rehearing.

PER CURIAM. It appears, on petition to modify the opinion filed May 7, 1918, that defendant in error Occidental Fire Insurance Company was only a nominal party, and the action should have been dismissed as to this company.

Therefore that portion of the opinion reversing the cause as to this defendant is modified, and the action dismissed as to the Occidental Fire Insurance Company, and the opinion in all other respects adhered to.