## LOVELAND v. TANT.

No. 9315.—Opinion Filed May 27, 1919.

(Syllabus by the Court.)

### Appeal and Error—Failure to File Brief—Reversal.

Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error.

Error from County Court, Tillman County; W. H. Hussey, Judge.

Action by T. O. Loveland against Chas. S. Tant. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with direction to grant a new trial.

Williams & Latch, for plaintiff in error.

Mounts & Davis, for defendant in error.

KANE, J. This was an action upon a promissory note for $50, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below.

The action was commenced before a justice of the peace, was tried without any written pleadings on the part of the defendant, and resulted in a judgment in his favor. It is contended that the judgment rendered in favor of the defendant ought to be reversed for the reasons:

"(1) That nearly all of defendant's testimony was improper and that part heretofore set out under assignment No. 11 should have been excluded on plaintiff's objection; and (2) there being no evidence which by any stretch of imagination could constitute a defense to the suit, the trial court should have sustained plaintiff's demurrer; not having done so, the motion for a new trial should have been sustained."

The plaintiff in error has filed a brief which purports to contain a fair statement of all the evidence offered on behalf of the defendant in error. The defendant in error has filed no brief. Taking as true the statement made by the plaintiff in error in his brief, it seems to us his contentions are well taken. The rule is well settled that where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and the defendant in error has nei-

ther filed a brief nor offered any excuse for such failure, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error. Butler v. McSpadden, 25 Okla. 465, 107 Pac. 170; Ellis et al. v. Outler et al., 25 Okla. 469, 106 Pac. 957; Buckner v. Oklahoma Nat. Bank of Shawnee et al., 25 Okla. 472, 106 Pac. 959.

For the reasons stated, the judgment of the court below is reversed and the cause remanded, with directions to grant a new trial.

All the Justices concur.