## BOARD OF COM'RS OF GRADY COUNTY et al. v. LENOCHAN et al.

No. 9776—Opinion Filed Jan. 18, 1921.

(Syllabus by the Court.)

### 1. Taxation—Exemption of Indian Land.

The Atoka Agreement (Curtis Act, sec. 29, providing that allotted lands shall be nontaxable while title remains in the original allottee, did not continue the exemption from taxation which a Chickasaw Indian of the half-blood enjoyed to his heirs of less than half Indian blood.

### 2. Same.

Under Act May 27, 1908, secs. 1, 2, 4, 6, 9, relating to restriction on alienation of lands allotted to Indians, and declaring that death of any allottee removed restrictions, held that on the death of a half-blood allottee and descent of lands to heirs of less than half Indian blood the lands became subject to taxation prior to their sale through the Oklahoma probate court; the provisions as to minority not changing the matter.

### 3. Taxation—Delinquent Taxes—Penalty—Notice.

By the enactment of section 2, Sess. Laws 1910, ch. 73, as amended by section 1 of chapter 120, Sess. Laws 1910-11, the Legislature intended to impose upon the county treasurer the duty of notifying by mail each taxpayer whose name appears on his record of the amount of his taxes, and when the same will become due and delinquent; and that upon the performance of this duty, and not otherwise, the penalty prescribed for delinquency shall attach upon failure of the taxpayer to pay his taxes within the time provided by the statute.

### 4. Same—Statutes—Repeal.

Section 1 of chapter 120, Sess. Laws 1910-11, imposing upon the county treasurer the duty of notifying by mail each taxpayer whose name appears on his record of the amount of his taxes, etc., was superseded by the enactment of section 1, ch. 31, Sess. Laws 1915, approved Feb. 16, 1915.

Error from District Court, Grady County; Will Linn, Judge.

Action by May Lenochan and others against the Board of Commissioners of Grady County and others to cancel taxes and tax sale certificate. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

J. Roy Orr and Wm. Stacey, for plaintiffs in error.

Bond, Melton & Melton, for defendants in error.

PITCHFORD, J. One Rosa Fryrear, a member of the Choctaw Tribe of Indians of one-half Indian blood, was the allottee of the lands involved in this action. She died in the year 1903, leaving surviving her, her husband, S. B. Fryrear, who was a white man. The other heirs mentioned in the petition are the children of said Rosa Fryrear and S. B. Fryrear and are all of less than one-half Indian blood. After the death of the allottee the husband continued in possession of the land, claiming a life estate therein by curtesy. He neglected to pay the taxes assessed against the lands for the years 1911-1916, both inclusive, which at the time of filing this suit amounted with penalties to the sum of $966.33. At the time of the annual tax sale in 1915, Wm. Young purchased the tax sale certificate against said land for the taxes of 1914 and had the taxes for 1915 indorsed on said certificate. The heirs of the deceased allottee commenced this action seeking to cancel the alleged life estate of S. B. Fryrear, the husband of the allottee, on the grounds of waste, and to cancel a portion of the taxes assessed against the property and enjoin the county treasurer of Grady county from enforcing the collection of the taxes and to cancel the tax sale certificate for the year 1914, held by Young. After hearing the evidence in the cause, the court rendered judgment holding:

"(a) That the interest of the minor heirs was not taxable. (b) That the interest of the adult heirs was taxable from the time they became of age. (c) That no penalty should be added to any of the taxes. (d) That the tax sale certificate held by Wm. Young should be canceled."

Plaintiffs in error in their brief argued three propositions:

"(1) Is inherited Indian land in the hands of a minor Indian heir of less than one-half Indian blood subject to taxation?"

This question appears to be fully answered in the affirmative by the Circuit Court of Appeals in the case of McNee v. Whitehead, 253 Fed. 546, the syllabus being as follows:

"The Atoka Agreement (Curtis Act), sec. 29, providing that allotted lands shall be nontaxable while title remains in the original allottee, did not continue the exemption from taxation which a Choctaw Indian of the half-blood enjoyed to his heirs of less than half Indian blood.

"Under Act May 27, 1908, secs. 1, 2, 4, 6, 9, relating to restriction on alienation of lands allotted to Indians, and declaring that death of any allottee removed restrictions, held that on the death of a half-blood allottee and descent of lands to heirs of less than half Indian blood the lands became subject to taxation prior to their sale through the Oklahoma probate court; the provisions as to minority not changing the matter."

See Rogers et al. v. Rogers et al., 263 Fed. 160; Hudson v. Hopkins, 75 Okla. 260, 183

Pac. 507; Fink et al. v. Board of County Commissioners of Muskogee County et al. (U. S.) 63 L. Ed. 398.

The second proposition is:

"Are delinquent taxes subject to 18 per cent. penalty as provided by law?"

This court has repeatedly passed upon this question, and the validity of the law has been sustained; the court holding, however, that the penalty could not be collected unless the county treasurer had given the notice to the holder of the record title as required by section 1, ch. 120, Laws 1910-11, then in force.

See Trimmer v. State ex rel. Rennie, 43 Okla. 152, 141 Pac. 784; Miller v. State ex rel. Standard Savings & Loan Ass'n, 70 Oklahoma, 173 Pac. 67; State ex rel. Gault et al. v. Baker, 68 Oklahoma, 172 Pac. 1088. In the last case cited this court says:

"And where by reason of the failure to give notice no penalty for delinquency attached, it will not be presumed that such penalty was included in the amount recited in the sale certificate."

The statute requiring notice to be given to the taxpayer before the penalty attached was repealed by chapter 31, Sess. Laws 1915.

In the case at bar, L. A. Sanders, deputy county treasurer, testified that the penalties were not figured on the taxes for any year prior to 1915.

The third proposition is:

"Was the tax sale certificate issued to Wm. Young in this case void?"

The answers to propositions one and two dispose of the third proposition.

The defendants in error have failed to file any brief and have not offered any excuse for such failure. This court in an unbroken line of decisions has held that where a plaintiff in error has completed his record and filed it in the Supreme Court and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the Supreme Court is not required to search the record to find some theory upon which the judgment below may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error.

See Loveland v. Tant, 75 Okla. 12, 181 Pac. 302; General Bonding & Casualty Ins. Co. v. Okla. Fire Ins. Co., 75 Okla. 55, 181 Pac. 303.

The judgment of the trial court is, therefore, reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

HARRISON, C. J., and McNEILL, ELTING, and NICHOLSON, JJ., concur.