CHICAGO, R. I. & P. R. CO. v. RUNKLES.

No. 9958—Opinion Filed April 5, 1921.

(Syllabus.)

**Appeal and Error—Failure to File Brief— Reversal.**

Where the defendant in error fails to file a brief and has not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judg-

ment below may be sustained; and, where the brief filed by the plaintiff in error appears to reasonably sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

Error from District Court, Major County; J. C. Robberts, Judge.

Action for personal injuries by John W. Runkles against the Chicago, Rock Island & Pacific Railway Company and another. Judgment for plaintiff, and the company brings error. Reversed and remanded.

John V. Roberts, for plaintiff in error.

R. J. Roberts and Tom E. Willis, for defendant in error.

ELTING, J. This suit was begun in the district court of Major county, Oklahoma, by John W. Runkles, plaintiff below, defendant in error herein, on March 19, 1917, in which court he filed a petition against the Chicago, R. I. & P. Railway Company, a corporation, and Jacob M. Dickinson, receiver for said company, as defendants, praying for damages in the sum of $1,000 for personal injuries alleged to have been received by plaintiff on April 30, 1916, while in the employ of said defendants as section hand, by reason of injuring his hand by having it caught or mashed between the belt and pully of a drive-wheel of a motor car used on the section upon which plaintiff was working at the time of his injury.

The defendant, the Chicago, R. I. & P. Railway Company, filed its answer, denying each and every material allegation in the petition of the plaintiff except such as it specifically admitted in said answer, and the only thing admitted thereafter was that Jacob M. Dickinson was the receiver of said company defendant and that he was so appointed on the 20th day of April, 1915, and that said appointment included all the properties and railroads of the Chicago, R. I. & P. Railway Company, including its said rights, credits, and properties within the state of Oklahoma.

On the same day the said railway company filed its answer, to wit, on April 16, 1917, the receiver, Jacobs M. Dickinson, filed his answer in said cause, in which the allegations of the plaintiff were denied except what was specifically admitted in his answer. In said answer, the receiver admits that he was the duly appointed, qualified, and acting receiver of the rights, credits, properties, and railroads of the Chicago, R. I. & P. Railway Company under and by virtue of the appointment by the district court of the United States for the Nothern district of the state of Illinois and the district court of the United

States for the Western district of the state of Missouri and was such receiver at the time of the filing of the plaintiff's petition herein. The said receiver further stated that at the time of the accident complained of by the plaintiff, said receiver and defendant was engaged in interstate commerce and was an interstate common carrier as alleged in plaintiff's petition. That the said receiver was, at the time of said injury, in control of the instrumentalities for the transportation of employes, and was in control of the said employes, and the employment of the plaintiff was connected with the services of the defendant receiver in connection with its said services as an interstate commerce carrier, and being then and there so engaged when the rights of the parties connected with said suit were fixed, and their determination would be by the federal Employer's Liability Act, in force at said time, and being the time set forth by the plaintiff in said suit.

In the third paragraph of the answer the receiver, defendant, alleged the assumption of risk by the plaintiff, also alleged contributory negligence by the plaintiff, and prayed discharge.

The cause went to trial before a jury and judgment was had against the Chicago, R. I. & P. Railway Company in the sum of $200. An appeal was prayed for by the railroad company after a motion for a new trial was overruled, and the appeal filed in this court, and the plaintiff in error asks for reversal of this cause on four grounds: (1) Under the record, the corporation, the Chicago, R. I. & P. Railway Company, is not liable to the plaintiff for the alleged tort of its receiver, the defendant Jacob M. Dickinson. (2) Under the record, actionable negligence is not established. (3) Under the record, the plaintiff assumed the risk as a matter of law. (4) There was prejudicial error in the giving of instructions, hereinafter referred to and set out in full; to the giving of which this defendant excepted at the time.

The plaintiff in error supported its allegations of error by a brief duly filed in this court, and its contentions of error are reasonably supported by the argument and authorities quoted and cited in its brief. The defendant in error has failed to file a brief herein, and has shown no cause why same has not been done.

We are quoting herein the conclusion of the plaintiff in error's brief, since it succinctly sets out the contentions of the plaintiff in error and summarizes the issues in the case and the contentions of the plaintiff in error relative thereto:

"To point out leading cases on the three separate and distinct material propositions involved here, has caused this brief to assume undesired proportions.

"We have endeavored to show that the defendant company is not liable for an alleged tort of its receiver, an officer of the court, placed in exclusive charge and control of the possession and operation of the road, and the defendant railway company, its directors, officers and agents and all other persons' enjoined from 'interfering' or 'in any way dealing' therewith. We have endeavored to point out that the act under which this action was brought and tried has always been strictly construed and that it specifically provides that the employe can only recover in such an action for 'its negligence', referring to 'common carrier by railroad', and that by a special provision a receiver is included as such common carrier, and that the plaintiff began work after the receiver had ousted the defendant company from possession and operation of its road.

"We have endeavored to point out the fact that all questions herein, except practice and procedure, are governed by the decisions of the federal courts, construing the Employer's Liability Act, and the common law as construed and applied in those courts. We have pointed out that the question presented by a motion to direct or for peremptory instruction has long been held a federal question and not one of practice.

"We have endeavored to set out the leading cases showing the rule announced by the Supreme Court of the United States that a defect to be actionable must be the result of the master's negligence and the injury the proximate result thereof.

"We have quoted the rules from the Supreme Court defining the master's duty to use ordinary care to provide reasonably safe and suitable appliances, not the latest nor best, and that the happening of an accident raises no presumption of negligence, that the burden is on the plaintiff to show negligence 'affirmatively', and that the failure to do so is fatal.

"We have quoted the rule admirably stated by Circuit Judge Sanborn, with reference to proximate cause, and the decisions from the federal courts following it.

"We have brought for the court's consideration the latest cases from the Supreme Court of the United States, which, to our mind, clearly establish as a matter of law the defense of assumption of risk and which we believe point out the errors in the court's instructions on this question.

"We have discussed the evidence, all of which comes from the lips of plaintiff himself, and applied to it the law, as we understand it.

"We feel confident that the prayer of our petition in error will be granted and the cause reversed."

The rule uniformly followed by this court, in the event that the plaintiff in error files a brief and the defendant in error files no brief and fails to give any excuse for such failure, is stated in numerous cases of this court. The following is from Board of Com'rs of Grady County et al. v. May Lenochan et al., 80 Okla. 169, 195 Pac. 116, by Mr. Justice Pitchford, as follows, to wit:

"The defendants in error have failed to file any brief and have not offered any excuse for such failure. This court in an unbroken line of decisions has held that where a plaintiff in error has completed his record and filed it in the Supreme Court and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the Supreme Court is not required to search the record to find some theory upon which the judgment below may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error. See Loveland v. Tant, 75 Okla. 12, 181 Pac. 302; General Bonding & Casualty Co. v. Oklahoma Fire Insurance Co., 75 Okla. 55, 181 Pac. 303." Massachusetts Bonding & Insurance Co. v. Lewis et al., 80 Okla. 187, 195 Pac. 494.

This case is, therefore, reversed and remanded for another trial.

HARRISON, C. J., and KANE, JOHNSON, MILLER, and KENNAMER, JJ., concur.