### BEAMS v. YOUNG et al.

No. 11584—Opinion Filed July 17, 1923.

Rehearing Denied Oct. 16, 1913.

**1. Contracts — Illegal Contracts — Enforcement.**

In an action brought in which it is necessary to prove an illegal contract in order to maintain an action, the courts will not enforce it, nor will they enforce alleged rights springing from it.

**2. Trial—Instructions—Covering Issues.**

It is the duty of the court to give, upon its own motion, a substantially correct and proper instruction, as is applicable to the facts and issues joined.

**3. Set-Off and Counterclaim — Requisites of Set-Off.**

A set-off is in the nature of a cross-action, and a claim in order to be a proper matter of set-off must be a subsisting debt, owing at the date of the plaintiff's suit, and upon which an action might then be sustained.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okmulgee County; Lucien B. Wright, Judge.

Action by Drew Beams against Floyd A. Young, Big Ben Oil Company, a corporation, and Polar Producing & Gasoline Company, a corporation. From judgment for defendants, plaintiff appeals. Reversed and remanded.

Herbert E. Smith, for plaintiff in error.

F. F. Shackleford, for defendants in error.

Opinion by PINKHAM, C. This action was commenced by plaintiff in error, plaintiff below, in the district court of Okmulgee county, Okla., on August 13, 1919, to recover from the defendants a balance of $2,627.40, owing and due from them in favor of the plaintiff, from February 1, 1919, to April 12, 1919, for work, labor, and services performed in drilling a well upon the S. E. ¼ of the S. W. ¼ of section 35, twp. 14 N., range 11 E., Okmulgee county, Okla., known as Well No. 2, J. Henry, under an oil and gas mining lease in favor of the defendant Polar Producing & Gasoline Company, and in which the defendants Floyd A. Young and Big Ben Oil Company were owners of undivided interests, and who were jointly developing said land and other land covered by their lease, for oil and gas, which business was in charge and under the control of defendant Floyd A. Young, president of the Big Ben Oil Company, and as agent of the Polar Producing & Gasoline Company, and authorized to make and enter into contracts and agreements for the development of such leasehold and property.

The petition alleges that plaintiff in error performed such services during said time under contract with said Floyd A. Young, in his own behalf and that of his coworkers in the oil and gas leasehold, to the amount of $6,627.40, upon which payments were made by said Floyd A. Young in the sum of $2,000 each on May 6th and June 9, 1919.

The answer of the defendants Floyd A. Young and Big Ben Oil Company denied that they, or either of them, owed the plaintiff the sum of $2,627.40, or any other sum, as alleged in plaintiff's petition, or in any other account, contract, or transaction, and denied the correctness of the amount attached to plaintiff's petition as exhibit "A." Paragraphs 3 and 4 of said answer are as follows:

"(3) These defendants admit that under and by virtue of the verbal contract and agreement mentioned in plaintiff's petition filed herein, plaintiff performed the work and labor designated in said petition and that same amounted to $6,627.40, and that these defendants paid plaintiff the sum of $4,000 cash as designated in plaintiff's said petition leaving a balance of $2,627.40.

"(4) But these answering defendants, for further answer to plaintiff's said petition, and by way of set-off thereto, state: That when this action was commenced, the plaintiff was, and still is, indebted to these defendants in the sum of $2,974.08, upon a certain account for the purchase price of one-eighth interest in a lease and leasehold estate covering the southeast quarter of the southwest quarter, section 35, in township 14 north, and range 11 east, one-eighth of expenses for drilling well No. 2 and one-eighth of the expenses for drilling well No. 3. an itemized statement of which is hereto attached marked exhibit "A" and made a part of this answer and set-off as though copied herein in words and figures in full; which said account and set-off is just, due and unpaid, and which the plaintiff neglects and refuses to pay. And these defendants offer to set-off the amount due plaintiff an amount equal thereto of his said claim, and demand judgment against said plaintiff for the residue thereof, amounting to $346.68, and for all their costs herein expended."

The account attached to said answer shows a claim for $500 for purchase price

of one-eighth interest in oil and gas lease covering the S. E. ¼ of S. W. ¼, sec. 35, twp. 14 N., R. 11 E., and $1,392.64, as one-eighth of the expenses for drilling well No. 2 thereon, and $1,081.44 as one-eighth of the expenses for drilling well No. 3 on said leasehold. To said answer the plaintiff filed his reply, denying under oath that he is indebted to said defendants Young and Big Ben Oil Company, or either of them, in any amount or sum whatsoever, and denying the correctness of the account attached to their said answer.

The cause was tried before a jury and resulted in a judgment against the plaintiff in the sum of $346.68. Motion for judgment against defendants Floyd A. Young and Big Ben Oil Company notwithstanding the verdict and motion for new trial filed, presented, and overruled by the court, to which plaintiff excepted, and the cause comes regularly on appeal to this court.

The plaintiff in error asks for the reversal of this cause and sets out in his brief a number of specifications of error.

The first assignment of error is that the court erred in overruling the motion of plaintiff in error for a judgment notwithstanding the verdict; third, that said trial court erred in overruling the motion of the plaintiff in error for a new trial; tenth, that the verdict of the jury and the decision and judgment of the court are contrary to the admissions of the defendants in error, and not supported by any legal evidence, wholly contrary to law and the evidence.

The answer of the defendants Young and the Big Ben Oil Company admitted a balance due the plaintiff of $2,627.40, which sum the said defendants offered to allow as a set-off against an alleged claim in their behalf, stated in their answer to be $2,947.08. The said defendants assumed the burden of proof to prove their claim.

From the admissions made by the defendant Young, who was the manager of the Big Ben Oil Company, it developed that the claim of the defendants against the plaintiff was based upon an alleged purchase of an undivided one-eighth interest by the plaintiff from them in a departmental oil and gas lease, by assignment by them of an undivided one-half interest in said leasehold, which assignment it is conceded had never been approved, and that it would have to be approved by the Secretary of the Interior before the defendants could acquire any rights or interests therein; and it is further disclosed beyond question, that the defendants had never at any time had possession

of an approved lease upon the 40 acres, a verbal assignment of a one-eighth interest of which they claim to have sold to the plaintiff, which claim constituted their set-off against the plaintiff's admitted claim against them.

The positive evidence on the part of the defendants is that they had no oil and gas lease covering this 40 acres on the date of the commencement of this action.

The court instructed the jury, in effect, that the answering defendants relied upon a verbal contract, and that if the jury found from a preponderance of the evidence, and believed that such contract was in fact entered into with the plaintiff, it would be the duty of the jury to ascertain from the evidence the one-eighth part of the cost of drilling wells Nos. 2 and 3, and to such sums add $500 as purchase price for a one-eighth interest in such oil and gas lease and leasehold.

This instruction ignored the admitted facts, that the answering defendants had no interest in the oil and gas lease or leasehold which they or either of them could sell to the plaintiff.

It is true the plaintiff did not except to the giving of the instruction and did not offer any, but all the evidence relating to the entire transaction was before the court, which clearly disclosed the illegality of the contract upon which the defendants' claim was based. The illegality of the entire transaction was fully disclosed by the admissions of the defendant Young.

In Coppell v. Hall, 7 Wall. (U. S.) 543-558, Mr. Justice Swayne, delivering the opinion of the court, said:

"Whenever the illegality appears, whether the evidence comes from one side or the other, the disclosure is fatal to the case. No consent of the defendant can neutralize its effect. A stipulation in the most solemn form to waive the objection would be tainted with the vice of the original contract, and void for the same reasons. Wherever the contamination reaches it destroys. The principle to be extracted from all the cases is, that the law will not lend its support to a claim founded upon its violation."

Our own court, in the case of First National Bank of Mounds v. Cox, 83 Okla. 1, 200 Pac. 238, said:

"It is the duty of a trial court to give upon its own motion, proper instructions substantially covering the issues and evidence produced at the trial of any cause and it is fundamental error for it to fail to do so; and so, when an inconsistent instruc-

tion has been given, and after an examination of the entire record, this court finds that there is a probability that the giving of said inconsistent instruction has probably resulted in a miscarriage of justice, this court will reverse said cause and grant a new trial."

It is sufficient to say that from an examination of the record in this case there is no escape from the conclusion that the set-off claimed in defendants' answer was based upon an invalid and illegal contract in violation of the rules and regulations of the Secretary of the Interior promulgated under the authority of the acts of Congress regulating the approval of oil and gas leases and assignments thereof on restricted Indian lands.

"In an action brought in which it is necessary to prove an illegal contract in order to maintain the action, the courts will not enforce it, nor will they enforce alleged rights springing from it." Missouri Fidelity & Casualty Co. v. Scott, 72 Oklahoma, 178 Pac. 122.

Defendants in their answer alleged by way of defense a counterclaim or set-off against the plaintiff; the set-off, as before stated, being based upon a sale by the defendants to the plaintiff of a one-eighth undivided interest in a departmental oil and gas lease, which was not at any time owned by the defendants.

A counterclaim, under the statutes, section 274, Comp. Stat. 1921, "* * * must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action."

The admitted facts disclosed in the record are that no set-off existed at the time it was attempted to be enforced against the plaintiff's admitted claim against the defendants. The defendants having themselves no interest which they could assign to plaintiff, and all the evidence disclosing, as it does, that the defendants had refused to give the plaintiff any written evidence of an interest in the lease and leasehold, it follows that defendants had no valid and legal existing debt or claim against the plaintiff.

"A claim in order that it may be set-off must be a legal demand." (25 Am. & Eng. Ency. of Law, p. 512.)

It has been settled by a long line of decisions that a claim to be a proper matter of set-off must be a subsisting debt owing at the time of the commencement of the action, and upon which an action might then be sustained.

"A debt to be a set-off must have been due at the time the suit was brought." (Henry v. Butler, 32 Conn. 140.)

"A set-off is in the nature of a cross-action, and a claim in order to be a proper matter of set-off must be a subsisting debt, due at the date of the plaintiff's suit and upon which an action might then be sustained." (13 N. H. 49.)

Defendants based their claim of set-off and right to recover upon a verbal assignment of an undivided one-eighth interest to plaintiff in an oil and gas mining lease, for a term of years, upon departmental form, to be made upon the contingency that their assignment of their interest at some time in the future would be approved by the Secretary of the Interior, and which had not been approved at the time of the trial and judgment appealed from.

"A claim dependent upon a future contingency—on the happening of an event which may never happen—does not accrue until the event happens; until then it is not a claim." (Farris v. Stoutz, 78 Ala. 130.)

"A promise to pay which is conditioned upon the performance of an act, or depends upon the happening of a contingency, cannot be enforced unless the condition has been performed or the contingency has happened." (Rollings v. Denver Club [Colo.] 96 Pac. 188.)

The defendants in error have filed no brief. The brief of the plaintiff in error appears reasonably to sustain the assignments of error.

This court in a number of decisions has held that when plaintiff in error has completed his record and filed it in the Supreme Court, and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the Supreme Court is not required to search the record to find some ground upon which the judgment below may be sustained; and when the brief filed reasonably appears to sustain the assignment of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error. Loveland v. Tant, 75 Okla. 12, 181 Pac. 302; General Bonding & Casualty Ins. Co. v. Oklahoma Fire Ins. Co., 75 Okla. 55, 181 Pac. 303; Massachusetts Bonding & Ins. Co. v. Lewis et al., 80 Okla. 187, 195 Pac. 694; Chicago, R. I. & P. R. Co. v. Runkels, 81 Okla. 106, 197 Pac. 153.

For reasons stated, the judgment of the trial court should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.