## REIRDON v. MORRISON.

No. 6515—Opinion Filed May 8, 1917.

Rehearing Denied June 12, 1917.

(165 Pac. 1135.)

1. **Justices of the Peace—Dismissal of Appeal—Effect.**

"Where a judgment is rendered by a justice court, said judgment appealed to the county court and said appeal dismissed, the judgment of the justice court becomes res judicata."

2. **Same—Restoration of Judgment.**

"Where an appeal is perfected from a judgment rendered by a justice court to the county court, and said appeal dismissed, the judgment rendered by the justice court is restored as if no appeal had been taken."

(Syllabus by Collier, C.)

Error from District Court, Marshall County; Jesse M. Hatchett, Judge.

Action by J. P. Reirdon against W. S Morrison. Judgment for defendant, and plaintiff brings error. Affirmed.

Rider & Hurt, for plaintiff in error.

Geo. S. March, for defendant in error.

Opinion by COLLIER, C. This is an action brought by plaintiff in error against the defendant in error on a money demand Hereinafter the parties will be designated as they were in the trial court.

This action was brought in a justice court and resulted in a judgment for plaintiff in the sum of $80.15. Garnishment proceedings were instituted, and the garnishee answered that he was indebted to the defendant in the sum of $33, which said sum the garnishee paid into court and was discharged. The defendant filed in said justice court his affidavit in compliance with the statutes, claiming said $33 as exempt to him, and moved that the said $33 be delivered to him, which motion was tried by the court, and judgment rendered in favor of the defendant. From said judgment the plaintiff perfected an appeal to the county court of Marshall county, in which said court a motion to dismiss said appeal was filed, heard, and said appeal dismissed, and time fixed in which to settle and sign case-made, but an appeal to this court was not perfected. After the expiration of the time for perfecting an appeal to this court the clerk of the county court certified back to the justice court the order of the county court dismissing the said appeal.

Prior to the expiration of the 20 days given plaintiff in which to appeal to this court, the plaintiff had another garnishment summons issued to the original garnishee and to the justice with whom said fund had been deposited, seeking to reach said fund which had theretofore been adjudged to the defendant as his exempt earnings. The justice who originally tried the case having been succeeded in office by another justice of the peace, to whom the retiring justice delivered $27.33 of said $33, deposited in court by the garnishee, the successor of said justice being the father-in-law of the plaintiff, disqualified himself, and the plaintiff and the defendant in open court agreed that William M. Franklin might hear said cause and make all orders of said court. Upon the hearing of said garnishment proceeding the same was dismissed at the cost of the plaintiff. Motion was then made by the plaintiff to require the said $27.33 to be turned over and credited on said judgment, which motion was heard by said William M. Franklin, who found for the defendant, which judgment "was O. K.'d and made a judgment of the court." From said judgment for the defendant the plaintiff perfected an appeal to the district court of Marshall county, Okla., and said $27.33, together with a transcript of the proceedings in the justice court, was filed with the clerk of the district court. The motion of the plaintiff to subject the fund now in the hands of the district clerk of said court to a partial payment of the judgment rendered by the justice of the peace against said defendant was heard by said district court, and the motion overruled, and duly excepted to. Within statutory time the plaintiff filed his motion for new trial, which was overruled, duly excepted to, and this appeal perfected to this court.

The only error assigned and argued in the brief of plaintiff is that the judgment of the district court is contrary to law.

It having been adjudged by the justice court that the amount sought to be reached by garnishment was not subject to the payment of the judgment rendered in this cause, and the said judgment of the justice having been appealed to the county court, and appeal dismissed in said court, and said dismissal duly certified to the justice court, the judgment of said justice court finding said money paid into court by the garnishee was exempt to the defendant became res judicata, and the justice court was without authority of law to issue the second garnishment for said money, or to entertain the motion to apply the money to the payment of said judgment. The appeal from the action of the justice court in refusing to apply the money to the payment of the judgment rendered to the district court was without merit, and the district court did not err in denying the motion made therein to have the money which had subsequently come into the hands of the clerk of said court applied to the payment of said judgment. In short, all of the proceedings of the plaintiff in the cause subsequent to the dismissal of the appeal in the county court, and the certification of the clerk of the county court to the justice court of such dismissal, were without authority of law. Section 5469, Revised Laws of Oklahoma 1910.

A judgment of the justice of the peace court in a case where the jurisdiction of the parties and subject-matter appears from the face of the proceedings, after the time for taking an appeal has passed, and no appeal taken from said judgment, such judgment is for every purpose as binding and conclusive between the parties as that of the highest court of the state. Black on Judgments, vol. 2, sec. 522, and authorities there cited.

A final and effectual dismissal of an appeal from a judgment rendered by a justice of the peace court restores the judgment of the justice of the peace court, as if no appeal had been taken. 24 Cyc. 716, and authorities there cited.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.