## FULSOM v. MASON et al.

No. 12525—Opinion Filed Oct. 21, 1924.

(Syllabus.)

**1. Judgment — Matters Determined — Res Judicata.**

A right, question, or fact distinctly put at issue and directly determined by a court of competent jurisdiction, cannot be disputed in a subsequent suit between the same parties or their privies, though the subsequent suit be on a different cause of action.

**2. Same—Determination of Heirship.**

In the instant case, F. sued M. in 1917. The cause of action pleaded was for the recovery by plaintiff of an interest in part of the landed estate of C., the alleged father of F. The final judgment was that F. was neither the son nor heir of C. and could not recover. Later, F. sued M. and his grantees to recover other of the landed estate of which C. died seized, and M. and his grantees pleaded estoppel by the former judgment. Held, this was good as a plea of res judicata.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Gordon Fryer, for plaintiff in error.

J. G. Ralls, for defendant in error.

Action by Johnson Fulsom, by guardian, against Frank W. Mason and others. Judgment for defendants, and plaintiff brings error. Affirmed.

BRANSON, J. This action was instituted in the district court of Atoka county by Johnson Fulsom, an incompetent person, through his guardian, against J. S. Vandenberg and others, to recover an undivided interest in certain tracts of land, his alleged interest therein having vested in him by operation of law in the following manner:

That one tract of said land was allotted and patented to Neles Camp, a citizen by blood of the Choctaw Nation. That Neles Camp died intestate in the Choctaw Nation on or about the 16th day of May, 1907, owning said land in fee, and that he left surviving him as his sole heir at law his father, Amos Camp, and the unnamed heirs of his mother, and that an undivided half

interest in said land, upon the death of said allottee, vested in the said Amos Camp, and that he continued to own same until the year 1915, when he departed this life, leaving the plaintiff surviving as one of his children and heirs at law. That the other tract of land was allotted and patented to one Ellen Camp, who departed this life in Atoka county, Okla., about the 19th of February, 1908, seized and possessed of the fee-simple title thereto. And that her sole heir at law was the said Amos Camp, and that upon the death of the said Amos Camp, in 1915, still seized and possessed of an undivided interest in said last described tract, the plaintiff, as the son of the said Amos Camp, inherited an undivided interest in said real estate.

The record discloses that the said Amos Camp, the alleged father of the plaintiff, was also a full-blood citizen of the Choctaw Nation, and at the time of his death, in 1915, in addition to an interest in the land above mentioned, left his individual allotment, and that the plaintiff herein, on the 4th day of April, 1917, instituted a suit in the district court of Atoka county to recover an interest in the individual allotment of his said father as against Charles E. Moreland, who is also one of the defendants in the instant suit, and the grantor of Mason, who owns one tract sued for, and grantor of Vandenberg, who owns the other.

The land involved in this former suit was the allotment of the father, Amos Camp.

On the 30th day of July, 1917, a judgment was entered in this action, finding and decreeing that Johnson Fulsom was not entitled to any part of the allotment of the said Amos Camp, deceased, and that he take nothing by his action. This judgment became a finality, and is pleaded as a prior adjudication by the defendants, as against the right of the plaintiff to recover an interest in the first two described allotments, which the said plaintiff seeks to do in the instant suit, and it was upon this plea of res adjudicata that the trial court directed a verdict in favor of the defendants as shown by the record—

"By the Court: The motion of the defendants for a directed verdict is sustained, for the reason that the court is of the opinion and so holds that the plea of res judicata of the defendants is good. and should be sustained."

The plaintiff, by way of reply to the defendants' answer pleading res judicata, set up that the judgment as to the father's land was a consent or agreed judgment for

settlement of the litigation, and that the plaintiff in the instant suit was paid a reasonable amount agreed upon as the value of his interest in the allotment of Amos Camp, and for obviating the trouble incident to conveyance by an incompetent, but there is no evidence introduced by the plaintiff on this question. We cannot agree with the contention of the plaintiff that, because this allegation in the reply was not traversed or denied by the defendants, it is taken as admitted, as shown in this declaration in the plaintiff's brief: "No issue was taken by the defendants. on this reply, and the statements were taken as true." By the statute governing pleadings in this jurisdiction, allegations in a reply are treated as denied, as a matter of law, and no reply or answer to a reply is required.

So the real issue arises here as to whether or not the trial court committed reversible error in holding as a matter of law that the plea of res judicata, as interposed by the answers, precluded the plaintiff's recovery of an interest in the real estate sought.

In authorizing the erection of the state of Oklahoma out of the Indian Territory and Oklahoma Territory, Congress expressly reserved to itself the sole and exclusive power to legislate as to citizens of the Indian Tribe.

In passing on questions touching Indian land titles, the bar and the courts are confronted with the enforced recognition that there are two distinct jurisdictions, one of the state, and the other of the federal government. The laws of the former, or the rules governing property ordinarily. are not always applicable to the rights of Indian litigants in the courts of the state, which might otherwise be controlling, were the rights sought to be asserted by them derived from a source other than the acts of Congress dealing with lands of an Indian Nation. In accepting the Enabling Act, the Constitution of Oklahoma subordinates the laws of the state to the express will of the national Congress touching all such Indian titles, in so far as there may be a conflict. Referring again to the recitation of facts, supra, plaintiff pleads that his father. Amos Camp, died in 1915, seized of an undivided half interest in the land of Neles Camp and Ellen Camp, who pre-deceased Amos Camp, and that the plaintiff became seized and possessed by operation of law, in 1915. of an undivided interest in said land. The judgment pleaded as a bar to this recovery was entered in 1917, and the practical effect of the plea of adjudication would be to divest the plaintiff of the alleged interest in the two allotments described in his petition.

The alleged rights of Indian citizens and their properties arising by virtue of the allotment acts touching the Five Civilized Tribes are subject to the same rules of adjudication as other citizens of Oklahoma, in all particulars drawn in question and in issue here. The defendant Moreland, who was the grantor of the defendant Mason and the defendant Vandenberg, respectively, of the two tracts of land here in litigation had been theretofore sued by the plaintiff, Johnson Fulsom, for that part of the landed estate of his alleged father, Amos Camp. In said first named suit, which went to judgment in 1917, and which judgment is pleaded as res adjudicata in the instant suit the real issue raised by the pleadings was whether the plaintiff was the son of Amos Camp, and if the son, whether he was the legitimate son of Amos. The judgment entered in said first suit, among other things, recited:

"It is therefore ordered and adjudged by the court that the said Johnson Fulsom is not a son or heir of the said Amos Camp, deceased, and that he is not entitled to any part of the allotments of the said Amos Camp deceased, and that he take nothing by this action, and that the defendant have and recover of and from the plaintiff all of his costs herein laid out and expended."

The instant suit sought to recover an interest in other lands owned by the said Amos Camp, which had been inherited by him from two of his children who had predeceased him, and as a basis for the recovery of an interest in such inherited land, plaintiff pleaded he was a son and heir of the said Amos Camp. The ownership of the land or the interest alleged to have been owned by him at the time of his death in 1915, was never in dispute, in either the first case or the instant case. The real question at issue was whether the plaintiff was the son and heir of his alleged father. This was directly drawn in issue in the first suit, and was determined adversely to the plaintiff, and the defendant Moreland, both for himself and for his grantees, pleaded the same as res adjudicata in the instant case as a bar to the recovery sought herein.

This court, in the case of Bruner et al. v. Bearden, 80 Okla. 154, 195 Pac. 117, said:

"A fact or question which was actually and directly in issue in a former suit and was there judicially passed upon and determined by a court of competent jurisdiction is conclusively settled by the judgment therein so far as concerns parties to that action and persons in privity with them, and cannot be again litigated in any future ac-

tion between such parties or privies in the same court or in any other court of concurrent jurisdiction upon the same or a different cause of action. * * *

"The essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, Has there been such determination, and not upon what evidence or by what means was it reached? * * *'"

Again this court, in the case of Cressler v. Brown, 79 Okla. 170, 192 Pac. 417, said:

"Where a right, question, or fact is distinctly put in issue and directly determined by a court of competent jurisdiction in a former suit between the same parties or privies, the former adjudication of that fact, right, or question is binding on the parties and their privies in a subsequent suit, irrespective of whether or not the causes of action are the same."

The holding on the question here disposed of determines the case on the record, and it is unnecessary to discuss the other questions raised.

The judgment of the trial court is affirmed.

McNEILL, C. J., and HARRISON, JOHNSON, NICHOLSON, WARREN, and GORDON, JJ., concur.