## CRAIG et al. v. ROXOLINE PETROLEUM CO.

No. 23916. Jan. 16, 1934.

Rehearing Denied Jan. 14, 1935.

Supplemental Opinion on Rehearing Jan. 16, 1935.

M. A. Dennis, W. C. Alley, and E. J. Gilder, for plaintiffs in error.

Estes & Fulton, for defendant in error.

OSBORN, J. This is an appeal from a judgment of the superior court of Okmulgee county in favor of Roxoline Petroleum Company, plaintiff in said action, against M. E. Craig, C. O. Craig, and M. A. Dennis, defendants therein, canceling a sheriff's deed and quieting title in plaintiff in 17½ acres of land located in said county. Parties will be referred to as they appeared in the trial court.

On and prior to September 11, 1922, the legal title to the lands in controversy rested in Lester B. Gum for the use and benefit of the Roxoline Petroleum Company, and on that date he in such capacity entered into a written contract with the J. G. & O. Drilling & Leasing Company whereby said leasing company agreed to drill an oil well to the depth of 2,250 feet unless oil or gas was found in paying quantities at a lesser depth. In consideration for drilling the said well the Roxoline Company agreed to convey to said leasing company a clear title to a one-half interest in the fee of said land and one-half of all oil and gas produced, the other terms of the contract being immaterial to a determination hereof.

On September 27, 1923, M. E. Craig and C. O. Craig recovered judgment in the district court of Okmulgee county against the J. G. & O. Drilling & Leasing Company in the sum of $10,300; an alias execution was issued and levied upon the land involved together with the oil and gas leasehold estate. At that time there was some production of oil on said property. Sheriff's sale was had and a one-half undivided interest in the oil and gas leasehold estate and the fee was purchased by M. E. Craig and C. O. Craig at said sheriff's sale for $4,000 and said amount credited on the judgment against the J. G. & O. Drilling & Leasing Company. The sale was confirmed on March 10, 1927. This action was filed October 15, 1927. Thereafter M. E. Craig and C. O. Craig transferred one-half of their interest in said property to M. A. Dennis.

At the time of the execution of said contract it is disclosed that there was an oral agreement between J. H. Topp, president of the leasing company, and the said Gum to the effect that in the event the stockholders of the said leasing company refused to advance the necessary money for said drilling, E. Talbert, daughter of said Topp, and assistant secretary and treasurer of the leasing company, would undertake to carry out said contract. Topp later notified Mr. Gum of the refusal of the stockholders to advance said money and that E. Talbert would carry out said contract. The contract above

mentioned was thereupon assigned by the leasing company to E. Talbert, **as trustee.** Thereupon, E. Talbert moved the drilling outfit and tools of the leasing company on said lands and drilled to a depth of a few hundred feet, when she notified Mr. Gum that she was out of funds and was unable to proceed further and asked that the Roxoline Company advance the necessary funds to complete the drilling of said well. The Roxoline Company thereupon paid all the outstanding bills, and with their superintendent in charge completed the drilling of said well, which was a producer. Neither Talbert nor the leasing company ever repaid to the Roxoline Company the amount so advanced.

This is the second appeal in this cause, the former appeal appearing under the style of Roxoline Petroleum Co. v. Craig, 150 Okla. 148, 300 P. 620. In that appeal this court determined that the trial court erred in rendering judgment on the pleadings.

It appears that the J. G. & O. Drilling & Leasing Company became financially involved and had various and sundry creditors, and that various creditors, among them being a creditor by the name of Wilson, filed a suit in the nature of a creditor's bill to subject the interest of the leasing company in said lands to the payment of the various debts of said leasing company. In that action the leasing company was not named as a party defendant, but E. Talbert, as trustee, was a party thereto. Lester B. Gum was also a party, but on application of the Roxoline Petroleum Company, showing that he held his interest for its benefit, said company was permitted to intervene in said action and the cause was dismissed as to Gum. Trial was had in the district court and resulted in a judgment in part as follows:

"The court finds that the J. G. & O. Drilling & Leasing Company has an undivided one-half interest in and to the premises above described, subject to such advancements as were made by the intervener, Roxoline Petroleum Company, for the drilling of said well, the amounts of such advancements not being disclosed by the evidence, and that said interest is held by E. Talbert in trust for the J. G. & O. Drilling & Leasing Company, and that such interest is subject to and should be ordered sold for the payment of the plaintiffs' judgment in the cause aforesaid. To all of which findings the defendant and intervener excepts and especially excepts for the reason that the findings herein do not conform to the findings made at the time of the trial."

From said judgment an appeal was taken to this court by the Roxoline Petroleum Company, said cause appearing under the style of Roxoline Petroleum Co. v. Wilson et al., 123 Okla. 241, 253 P. 59.

The following appears in the opinion of the court:

"The judgment has become final as to E. Talbert, she not having appealed. By reason of the findings of the trial court, the parties here assume that whatever interest the defendant E. Talbert may have had in the premises was the property of the J. G. & O. Drilling & Leasing Company.

"The parties will be referred to as the Roxoline Company, the judgment creditors, and the drilling company. No other interests are involved in this appeal.

"The parties are agreed that the judgment creditors have no greater right against the Roxoline Company than the drilling company had at the time the judgment was entered, and that a judgment creditor's claim to the assets can be sustained only where the judgment debtor has an actionable demand. This being conceded, the first question for answer is, Did the drilling company (who, under the finding of the trial court, owned whatever interest E. Talbert had) have a cause of action against the Roxoline Company?"

We quote further from the opinion:

"We therefore conclude that the court did not err in holding that the drilling company had an interest in the land and that such interest could be subjected to the payment of the judgment against the drilling company. * * * The judgment is affirmed except in so far as the Roxoline Company was adjudged to have a lien to the extent of the money advanced to E. Talbert in drilling the well. In that particular the judgment is reversed, and the cause remanded, with directions to enter judgment for the plaintiff in accordance with this opinion."

The amount of the interest of the leasing company was not an issue in said cause. The Roxoline Company contended that the contract had been abandoned and that said company had been compelled to take over the drilling of said well and that no rights vested either in the leasing company or E. Talbert. The trial court determined that E. Talbert had no interest in said lands, but that the leasing company had such interests as were provided by the terms of the above contract.

The plaintiff at the trial of this cause relied upon a quitclaim deed dated June 15. 1931, from E. Talbert to the Roxoline Petroleum Company. It will be observed that the deed was executed several years

after the execution of the sheriff's deed which was canceled by the judgment of the trial court.

The judgment in the Wilson Case, supra, was specially pleaded by the defendants as estoppel against plaintiff's cause of action. It is noted that the J. G. & O. Drilling & Leasing Company was not a party to said litigation but its express trustee, E. Talbert, was a party thereto. While no doubt, upon application of said leasing company, the court would have permitted it to have been made a party to said action, under the provisions of section 211, C. O. S. 1921 [O. S. 1931, sec. 144] this was not essential to a final and conclusive determination of the matters in controversy. The leasing company was not claiming and asserting rights therein, nor did E. Talbert pursue her claim of rights, but the judgment of the trial court, approved on appeal by this court, distinctly determined the contested issue raised by the intervener in that action, the Roxoline Petroleum Company, contrary to the contentions of said Roxoline Petroleum Company. The distinct and controlling issue in that case was whether or not the leasing company, under the contract and action of the parties thereunder, acquired an interest in said lands.

The trial court determined that it had a one-half interest therein, and in the oil rights and oil produced, and this court, notwithstanding the contentions of the Roxoline Company to the contrary, approved said findings. It is therefore apparent that, to permit the judgment of the trial court in this case to stand, would be to overrule the former judgment of this court and the trial court from which said appeal was taken.

In the case of Fulsom v. Mason, 107 Okla. 70, 229 P. 1072, it is said:

"A right, question, or fact distinctly put at issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties, or their privies, though the subsequent suit be on a different cause of action."

In the case of Cressler v. Brown, 79 Okla. 170, 192 P. 417, it is said:

"A right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies, although the subsequent suit is in a different cause of action; and a plea setting up the former adjudication of a fact, right, or question distinctly put in issue between the same par-

ties or their privies is not a plea in bar but a plea of estoppel by judgment. Identity of causes of action is not a necessary element in the plea of estoppel by judgment, but it is necessary that the point upon which the plea of estoppel by judgment is based is in issue in the latter case and was in issue and decided in the former.

"Where a right, question, or fact is distinctly put in issue and directly determined by a court of competent jurisdiction in a former suit between the same parties or their privies, the former adjudication of that fact, right, or question is binding on the parties and their privies in a subsequent suit, irrespective of whether or not the causes of action are the same."

See, also, 34 C. J. 943; Phillips v. Sipsey Coal Mining Co. (Ala.) 118 So. 513; Machen v. Budd Wheel Co. (Pa.) 143 Atl. 482; American Investment Co. v. Baker, 122 Okla. 10, 250 P. 76.

By the levy of said execution and sale thereunder and issuance of sheriff's deed, the defendants succeeded to such rights as the leasing company had in said property and therefore are privies to the leasing company, whose express trustee was a party to the previous litigation.

We therefore conclude that the judgment of the trial court is erroneous and that judgment should have been entered in favor of the defendants quieting title as prayed for.

It is urged by plaintiff that certain language used in the former appeal in this case (150 Okla. 148, 300 P. 620) is controlling herein. The only matter before the court in that case was the action of the trial court in rendering judgment on the pleadings. This court directed that the trial court hear the facts and render such judgment as was proper thereon. Under the facts in this case as disclosed by the record, a judgment therein could only be rendered for the defendants.

Judgment of the trial court is reversed and the cause remanded, with directions to enter judgment in favor of defendants.

RILEY, C. J., CULLISON, V. C. J., and McNEILL and BUSBY, JJ., concur.

---

Supplemental Opinion on Rehearing.

OSBORN, J. From the petition for rehearing and briefs in support thereof by attorneys for defendant in error, it appears that defendant in error and its counsel are

310

somewhat confused as to the effect of the prior opinions of this court relating to the subject-matter in controversy, which opinions are referred to in the original opinion in this cause. For the sake of clarity and in order to end this litigation, which has had the attention of this court in three cases, we have concluded to elaborate our former opinion.

By the opinion in the case of Roxoline Petroleum Co. v. Wilson, 123 Okla. 241, 253 P. 59, it has been conclusively determined that the J. G. & O. Drilling & Leasing Company became the owners of an undivided one half interest in and to the land and the oil produced therefrom, subject, however, to certain advancements made by the Roxoline Company. Such advancements were not pleaded in said action as a right of counterclaim or for. a lien, and no proper evidence was introduced to support the same. This court therefore reversed that portion of the judgment.

The present action is one to quiet title, in which the Roxoline Company sought again to relitigate the title theretofore adjudicated in the J. G. & O. Drilling & Leasing Company. Counsel for defendant in error took the position in the trial court, and induced the trial court likewise to take the position, that said question of ownership still remained open for consideration. The judgment of the trial court in this cause was predicated upon this theory. The action of counsel and of the court, who found in favor of the Roxoline Company as to the absolute ownership of the claimed rights of the J. G. & O. Drilling & Leasing Company, made it unnecessary for the court to make a determination of the advancements made by the Roxoline Company in the completion of the well commenced by E. Talbert, and in the further development of said property, and unnecessary to require an accounting for the income from said undivided interest. For some reason this issue has not as yet been litigated and determined in this controversy.

We are pointing out that under the cases of Oklahoma Moline Plow Co. v. Smith, 81 Okla. 61, 196 P. 962, and Sartin v. Hughen, 154 Okla. 155, 7 P. (2d) 151, the prior judgments of the trial court and of this court are not conclusive of this issue. Before this litigation can terminate, it will be necessary for the trial court to make such determination as may be warranted under proper pleadings and evidence supporting the same.

For this purpose the former opinion is modified, with directions to proceed in conformity herewith, but to grant to defendant in error leave to amend its pleadings to determine said issue; but if defendant in error sees fit not to seek such determination, then the trial court should enter judgment in favor of plaintiffs in error quieting their title.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur.