## HART v. EASSON et al.

No. 28184.   May 10, 1938.

Twyford & Smith and William J. Crowe, for plaintiff in error.

J. Walker Field and Howard B. Hopps, for defendants in error.

CORN. J.   This is an appeal, by transcript, from an order of the trial court sustaining a demurrer to the petition of plaintiff and entering judgment on the pleadings in favor of the defendants Shade, Turk. and Barnsdall Oil Company, and in sustaining a motion to quash by the defendants Easson, and dismissing the petition of plaintiff as to said defendants.

One feature of the case involves the doctrine of res adjudicata, and it is deemed essential to a proper understanding of the case that the statement of facts begin with the inception of the controversy.   On February 6, 1934, the defendants Myron K. Easson and Winifred E. Easson made, executed, and delivered to J. W. Bridges a certain community oil and gas lease on lots 16, 17, 18, and 19 in block 8 in Meriposa addition to Oklahoma City, which said lease was filed for record October 10, 1935.   At the time of the execution of the lease the drilling for oil and gas was forbidden by a valid ordinance of said city in that part of the city in which said real estate was situated and therefore the lease was executed in violation of said ordinance.   On November 30, 1935, J. W. Bridges assigned the lease to F. S. Hart, and on October 12,

1935, the said Eassons executed an oil and gas lease to Lon B. Turk and R. S. Shade, and on November 16, 1935, the said Turk and Shade commenced an action against Hart and Bridges to quiet the title to the leasehold estate as against the said Hart and Bridges.   On January 4, 1936, Barnsdall Oil Company acquired an interest in the leasehold estate from Turk and Shade. On July 18, 1936, judgment was rendered in said action in favor of Turk and Shade as against Hart and Bridges, holding the lease void because of being executed in violation of said ordinance, and quieting the title to the leasehold estate of the premises in the said Turk and Shade. This judgment was not appealed from and became final.   The lease thus canceled contained an agreement between the parties as follows:

"It is expressly agreed that if this lease shall be adjudged void on account of the fact that drilling for oil or gas is not now permitted on the property covered hereby, or for any other reason, then in such event, lessors, and each of them, agree that if and when drilling for oil and/or gas shall be permitted at any time during the term hereof. the property covered hereby or any part thereof, the said lessors shall forthwith execute a lease in favor of lessee on the same terms and conditions as this lease, and covering the same property on which drilling shall be permitted, and said lease shall run for a term of five (5) years from date when drilling of oil and/or gas well shall be permitted in said area."

The action in the instant case was to compel specific performance of said contract, the prayer of plaintiff's petition being that Myron K. Easson and Winifred E. Easson be required to execute and deliver to the plaintiff the lease provided for therein, and that all rights, titles, claims, and demands of each and all of the other defendants in said land be declared and held to be subject and inferior to said leasehold to be executed by the said defendants; and the plaintiff prays in the alternative that if said leasehold has passed into the hands of innocent purchasers by reason of the acts of the defendants, plaintiff have judgment against them jointly and severally for the value of the leasehold in the sum of $20,000 and the costs of the action.

The defendants Turk and Shade demurred to plaintiff's petition on the ground that it does not state facts sufficient to constitute a cause of action in favor of plaintiff and against said defendants, and the defendant Barnsdall Oil Company filed an answer setting up its interest in the premises and

pleading the former judgment in estoppel to this action. The defendants Easson filed a special appearance and motion to quash the service by publication on the ground that the purported cause of action set forth in plaintiff's petition is not one in which service may be had by publication. Both the demurrer and motion to quash were sustained by the trial court, and the plaintiff electing to stand upon the order sustaining the motion to quash, the court dismissed the petition in so far as it affects the defendants Easson, and on motion of Barnsdall Oil Company, Turk, and Shade for judgment on the pleadings the court rendered judgment in their favor and against the plaintiff.

The prior judgment against the plaintiff over the same subject matter and the same parties is res adjudicata as to the issues determined by the former judgment.

In the case of Howe v. Farmers & Merchants Bank, 129 Okla. 232, 264 P. 210, the third paragraph of the syllabus states the rule as follows:

"Where it clearly appears that the identical fact pleaded by plaintiff, the establishment of which is essential to the plaintiff's recovery, has been determined in a former action between the same parties adverse to plaintiff, a plea of res adjudicata is proper and will be sustained."

The former judgment became final and conclusive and we find nothing in the record to justify a relitigation of any matter relied upon by the plaintiff as a cause of action in the instant case; therefore, as to the defendants Turk, Shade, and Barnsdall Oil Company, the court did not err in sustaining their motion for judgment on the pleadings.

We will next determine whether the trial court erred in sustaining defendants Easson's motion to quash. These defendants were residents of Racine, Wis. Service was had on them by publication. No question has been raised as to the sufficiency of the affidavit for publication, the notice by publication, or the affidavit of mailing.

The said defendants on the day prior to the answer day filed their motion to quash, as follows:

"That the cause of action set forth in plaintiff's petition filed herein is not a case in which service of summons may be had on defendants by publication under the laws of the state of Oklahoma."

The defendants in their brief state:

"Plaintiff says the substance of our motion to quash is 'merely a challenge to the venue of the court,' and then cites the statutes under which such service may be had and those relating to specific performance, followed with argument and authorities that an oil and gas lease is an interest in real estate. With these propositions of law and authorities cited, defendants take no issue.

"Incidentally, the basis for sustaining the motion to quash can only be seen by an examination of the very exhibit 'D' attached to plaintiff's petition, so significantly omitted from plaintiff's brief and statement of the case. Plaintiff's petition sought to state an action for specific performance, and were it not for the reference made therein to this prior judgment (exhibit D to such petition) between the same parties, plaintiff's position might perhaps be tenable.

"It cannot be questioned that one may maintain an action against a nonresident for specific performance of a contract to sell real estate which, when instituted, belonged to defendant. Neither will it be denied that therein one is entitled to obtain service by publication. But here, in the very petition (filed July 29, 1936) in which plaintiff seeks remedy, the allegation,

"'That on July 18, 1936, in an action entitled Lon B. Turk and R. S. Shade v. F. S. Hart and J. W. Bridges, it was judicially determined by the district court of Oklahoma county that said lease was void,'

"Such judgment being attached as an exhibit, and thus made a part of said petition. This judgment for defendants here, Lon B. Turk and R. S. Shade, covering same leasehold estate against the very selfsame plaintiff here, who thus seeks to relitigate the same lease with parties who are identical except with the sole addition of their assignee. This judgment specifically finds: 'That the plaintiffs, to wit, R. S. Shade and Lon B. Turk, acquired an oil and gas lease as set forth in their petition,' and then adjudges:

"'That the title of said plaintiffs, to wit, Lon B. Turk and R. S. Shade, to the oil and gas lease held by them and described in their said petition, is hereby fully quieted and perfected as against the oil and gas lease held by defendant, F. S. Hart.'

"This decree not only had previously adjudged the lease of defendants here paramount to plaintiff's lease, but further, that the leasehold estate (subject matter here) had already passed by a valid lease (later executed by defendants Easson) to defendants Turk and Shade. No attempt was made to question this previous judgment and no question ever raised that it was not final between the parties."

The defendants having admitted in their

brief that this is an action wherein service can be obtained by publication, we will accept the same as true, and, as a plea of res adjudicata or estoppel cannot be determined in a motion to quash, the judgment of the trial court sustaining the motion to quash and dismissing the cause of action as to the defendants Easson is reversed, with directions to the trial court to set aside said order of dismissal, overrule said motion, and to proceed further not inconsistent with the views herein expressed.

The judgment of the trial court as to Turk, Shade, and Barnsdall Oil Company is affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and WELCH and DAVISON, JJ., absent.