## UPHOFF v. MEIER.

No. 28560. Feb. 28, 1939.

E. Blumhagen, for plaintiff in error.

McKeever, Stewart & McKeever, for defendant in error.

HURST, J. This is an action by an aged father against his daughter to cancel a deed to a 320-acre tract of land in Blaine county, Okla., alleged to have been procured by her through undue influence and fraud. From a judgment canceling the deed, the daughter, the grantee, appeals.

The record discloses the following facts which are not disputed: The plaintiff, George Meier, at the time of the transaction complained of was about 80 years old. He had been born in Russia and speaks German, but understands and speaks English very poorly. He testified very largely through an interpreter. He has been married twice and has five children by his first wife and seven children by his second wife. His children are all living. The defendant, Rachel Uphoff, is a daughter by his second marriage.

Plaintiff's first wife has been dead for many years. Some years ago, after plaintiff had remarried, he conveyed the land involved in this action to his second wife. She died in 1934 and at the time of her death the title stood in her name. She left a will giving a life estate to plaintiff, her husband, with the remainder over to her

seven children, excluding the five children by plaintiff's first wife. At the time of her death the family lived in Lodi, Cal., where they had resided for several years. The deed in question was executed there about a month after the death of plaintiff's second wife. At the same time, plaintiff also executed a deed to defendant conveying to her a 10-acre "vineyard" located near Lodi. The only consideration for the deeds was love and affection. During the year 1935, and before the instant case was filed, plaintiff sued defendant in the superior court in California to cancel the deed to the "vineyard" on the ground that it had been procured through undue influence and fraud, and the court there made findings of fact and conclusions of law and rendered judgment in favor of defendant. Thereafter, plaintiff instituted the present action to cancel the deed to the Oklahoma property and now elects to take under the law rather than under the will and claims an undivided one-third interest in the land.

■ Defendant's first contention is that the court erred in refusing to admit in evidence duly authenticated copies of the record in the California case. Defendant in her amended answer pleaded the judgment of the California court as one of the defenses and alleged "that by reason of said judgment the matters and issues which are, or might be, presented in this court in this action are **res adjudicata,** and said plaintiff herein is **estopped by said judgment** to again raise the said matters and issues in this action."

Plaintiff, in answer to this contention, argues that there is a distinction between res judicata and estoppel by judgment, and that although defendant pleaded res judicata, she did not plead estoppel by judgment, and therefore cannot rely upon such estoppel as a defense.

The distinction referred to is recognized in McKee v. Producers' & Refiners' Corporation (1935) 170 Okla. 559, 41 P.2d 466, where it is held:

"Distinction between doctrines of res adjudicata and estoppel by judgment is that where the two causes of action are the same, the first judgment is a complete bar to the second action, but where the two causes of action are different the parties are estopped by judgment to deny only those matters which are common to both suits; the former is the doctrine of res judicata, the latter is estoppel by judgment."

The distinction between the two rules is noted in Woodworth v. Town of Hennessey (1912) 32 Okla. 267, 122 P. 224; Deming Inv. Co. v. Shannon (1916) 62 Okla. 277, 162 P. 471; Cressler v. Brown (1920) 79 Okla. 170, 192 P. 417; Sartin v. Hughen (1932) 154 Okla. 155, 7 P.2d 151; Craig v. Roxoline Pet. Co. (1934) 170 Okla. 307, 39 P.2d 575; Black on Judgments, vol. 2, secs. 504 and 506; Freeman on Judgments (5th Ed.) vol. 2, sec. 627; 34 C. J. 742; 15 R. C. L. 951. The evidence excluded here was sought to be introduced only under the estoppel rule, for the California case and the instant case are clearly based upon different causes of action. For cases applying the "estoppel rule" see Johnson v. Gillett (1917) 66 Okla. 308, 168 P. 1031; Board of Com'rs of Grady County v. Lenochan (1921) 80 Okla. 169, 195 P. 116; Fulsom v. Mason (1924) 107 Okla. 70, 229 P. 1072; Hart v. Easson (1938) 182 Okla. 631, 79 P.2d 579.

We need not here determine whether it is necessary to specifically plead estoppel by judgment as distinguished from res judicata (see Freeman on Judgments, vol. 2, sec. 798; 34 C. J. 1055, sec. 1491; 15 R. C. L. 1045) for the reason that we think defendant did in fact sufficiently plead estoppel by judgment by the allegation that plaintiff "is estopped by said judgment to again raise the said matters and issues in this action."

■ We come then to a consideration of whether defendant's proffered evidence discloses an actual final judicial determination of the pivotal question of fact necessary for plaintiff's recovery in this action. Plaintiff's claim of recovery in this action is based upon the alleged fact that plaintiff did not know he was executing a deed, but was induced to execute the deed in question by the false representation of defendant to the effect that he was executing an instrument to assist one of his sons involved in a bankruptcy matter. The petition in the California cases offered in evidence seeks to cancel the deed to the property there upon the same grounds that are relied on here to cancel the deed to the Oklahoma property. The court in the California case made findings of fact and conclusions of law, copies of which are included in the proffered evidence, in which it was found that defendant did not make the alleged false representations relied on here with respect to assisting plaintiff's son, or any false representations whatsoever, and that plaintiff did not, in executing the deed, rely upon any representations whatever made by defendant, and that

he executed the deed to the California property with full knowledge of the contents thereof and that plaintiff was not in any way deceived or induced by any act or representation of defendant. The judgment rendered thereon, a copy of which was also offered in evidence, recited that the deed was executed "as plaintiff's free and voluntary act and deed and without any fraud, deceit, undue influence or mistake of fact." Defendant contends that the execution of the deed to the Oklahoma property and the deed to the California property were part of the same transaction. On cross-examination of one of the plaintiff's witnesses, the court sustained a motion to strike all reference to the California property, but it subsequently appears from the testimony of defendant's witnesses, admitted without objection, that the execution of the two deeds was one and the same transaction. This evidence was uncontradicted. It therefore appears that defendant offered in evidence a former adjudication of the same question of fact that is sought to be determined in this action and which is essential to plaintiff's recovery herein, the only difference being that different property is involved. In that connection, it has been held that where both real and personal property are transferred as part of the same transaction, a judicial determination that the transfer of the land was not fraudulent will be conclusive of the issue of the validity of the transfer of the personal property when such transfer is attacked for fraud in another suit. Peterson v. Warner (1897, Kan.) 50 P. 1091. See, also, Fulsom v. Mason, supra. Nor does it matter that the former adjudication is by a court of another state. Its determination of a particular fact is conclusive when submitted in evidence in the courts of this state by virtue of the full faith and credit clause of the federal Constitution. Lee v. Franklin (1935) 171 Okla. 70, 42 P.2d 257; Fidelity & Deposit Co. of Maryland v. Clanton (1933) 167 Okla. 106, 28 P.2d 566.

Plaintiff suggests that the issue of whether or not he can now elect to take under the law rather than under the will is an issue raised in the instant case, which was not present in the California case. But if the transfer is valid, there can be no question of election, so far as the land involved in this action is concerned.

It therefore appears that the trial court erred in excluding from evidence the exemplified copy of the record in the California case. In view of the ruling of the court during the presentation of plaintiff's evidence, excluding all reference to the California property, plaintiff may have refrained from presenting evidence by way of rebuttal on the issue of whether the two deeds were executed as one transaction, and he should be permitted to fully present this issue on a new trial.

Judgment reversed with direction to grant a new trial.

BAYLESS, C. J., and CORN, GIBSON, and DANNER, JJ., concur.