UNITED TIRE & INVESTMENT Co. et al. v. HINES.

*96 P. 2d 1047.*

No. 27995. Oct. 3, 1939.

Rehearing Denied Nov. 28, 1939.

Application for Leave to File Second Petition for Rehearing Denied Dec. 19, 1939.

W. S. Meyer, of Tulsa, for plaintiffs in error.

Woodson E. Norvell and Floyd Freeman, both of Tulsa, and George E. Norvell, of Seminole, for defendant in error.

WELCH, V. C. J. This is an appeal from the district court of Tulsa county, where plaintiff in that court recovered judgment in his action for damages for alleged fraudulent invocation of jurisdiction in a justice of the peace court in a replevin action. The parties will be referred to as they appeared in the trial court.

The plaintiff alleged in his petition as follows:

"* * * That said jurisdiction was fraudulently invoked by falsely swearing in the affidavit of replevin that the value of such truck was much less than its real value; and that before said suit was tried, and without notice or process of law, the said defendants for the purpose of cheating the plaintiff out of said truck sold and converted the same to their own use and benefit, to the damage of plaintiff in the sum of $1,100. * * *"

One of the defenses was that the issues in this cause had previously been adjudicated between the parties.

The defendants here assert that the trial court erred in overruling the demurrer to plaintiff's evidence and motion of defendants for an instructed verdict at the close of all the evidence.

The material facts are that the defendants held a chattel mortgage given by plaintiff to secure an indebtedness of some $213. The mortgage covered a truck owned by plaintiff. Defendants brought an action in replevin in the justice of the peace court and thereby obtained possession of the truck. In the replevin action the plaintiff herein, Hines, who was the defendant there, obtained a continuance, and upon the day of trial was present in that court and the cause was fully tried therein. After receiving testimony of several witnesses the judgment of the justice of the peace was rendered in favor of the plaintiff for the possession of the truck, for the purpose of foreclosure.

Plaintiff's cause of action here is based upon the proposition that the replevin affidavit was willfully false in the matter of the statement of the value of the truck, and that by reason thereof the jurisdiction of the justice of the peace court was wrongfully invoked. Section 939, O. S. 1931, provides:

"The affidavit of the plaintiff, as to the value of the property, shall fix the jurisdiction of the justice so far as such value is concerned. * * *"

It is thereby seen that a valid affidavit fixing the value at not exceeding $200 by statute conclusively establishes the jurisdiction of the justice court as to value. It would appear, however, that fraud sufficient to render the affidavit void may be shown, in which event there is no valid affidavit, and consequently no jurisdiction vests in the justice of the peace court. A helpful general statement in that regard is found in 35 C. J. 519, being a portion of paragraph 85 as follows:

"In some jurisdictions the statement of value in plaintiff's pleading or affidavit, or in the appraisement, is conclusive, and the jurisdiction is not ousted even though on the trial the evidence shows the value to be beyond the jurisdictional limit, unless a fictitious or fraudulent valuation is knowingly placed on the property for the purpose of conferring jurisdiction; and in doubtful cases all intendments will be in favor of the jurisdiction. * * *"

The affidavit of replevin which we have under consideration fixed the value of the truck at $200, and the same therefore conferred jurisdiction on the justice of the peace court unless it is void because of fraud.

In a replevin action in the justice of the peace court the jurisdiction of that court is an issue. Hines was duly served personally, and personally appeared at the trial of that cause. At the time of that trial he was possessed of full knowledge of the value of the truck; as fully as was his knowledge in that regard at the time of trial herein. He had but to make sufficient proof there in order to defeat the jurisdiction of that court and prevail therein. We quote further from the same paragraph of C. J., supra:

"The value of the property as fixed by plaintiff's pleading is admitted if not denied by defendant, and where the pleadings of both parties allege a value within the justice's jurisdiction, the pleadings are conclusive as to such jurisdiction. * * *"

The question of the validity of the affidavit and the consequent jurisdiction of the justice of the peace court was an issue therein and the effect of the judgment of that court was to declare the replevin affidavit valid and to hold that the jurisdiction of that court was lawfully invoked. That judgment remains in full force and effect.

A valid judgment of the justice of the peace court is as conclusive of the issues and questions therein adjudicated as that of any other court. Reirdon v. Morrison, 65 Okla. 257, 165 P. 1135. These general rules are quoted from Corpus Juris:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same

court as in any other court of concurrent jurisdiction, upon either the same or a different cause of action. This doctrine, that a fact or question which has been actually and directly in issue in a former suit and has been judicially passed upon and determined by a domestic court of competent jurisdiction cannot be litigated again in a subsequent suit between the same parties or their privies, is simple and universally recognized in almost innumerable cases. * * *" 34 C. J. 768.

"It is immaterial that the questions alleged to have been settled by a former adjudication were determined in a different kind of proceeding or a different form of action from that in which the estoppel is set up, the parties and the issues being such as otherwise would be concluded. The rule of conclusiveness applies to all judicial determinations, whether made in actions, in summary or special proceedings, or by judicial officers in matters properly submitted to their determination; the form in which the question arises, whether by petition, exception, rule, or intervention, is immaterial, unless the statute provides otherwise." 34 C. J. 881, par. 1289.

Under the facts here we hold that Hines admitted in the justice of the peace court that the value of the property did not exceed the sum of $200 as stated in the replevin affidavit, and if fraud had been attempted by the affiant for the purpose of wrongfully invoking that court's jurisdiction, the same was acquiesced in or waived by Hines, and he is estopped by that judgment from questioning the validity of the affidavit in replevin and the jurisdiction of that court in such action as his present cause. Bank of Chelsea v. S c h o o l District No. 1, Rogers County, et al., 62 Okla. 185, 162 P. 809.

It is suggested that plaintiff should prevail herein because the proof shows that the truck was sold by defendants after they took it in replevin and before the trial of the cause therein. The answer to this suggestion is that the cause was not tried by plaintiff on this theory, nor was said theory presented to the jury. Plaintiff in his brief here says:

"It is evident therefrom that counsel for plaintiffs in error has not yet been able to understand that the complaint against him in the trial court was that he had committed a fraud; that the jury found him guilty, directed him to make good the losses he wrongfully caused Hines to sustain; and, punished him to the extent of $200 for his misconduct, besides."

The gist of plaintiff's claim here was not a claim of right to recover for conversion by premature sale, but the gist of the action was plaintiff's claim of right to recover on account of the alleged fraudulent invoking of justice court jurisdiction by false affidavit as to value of the truck. This is made plain by the pleadings and trial record.

It is urged that the case of Terwilleger v. Bull, 155 Okla. 294, 9 P. 2d 45, is full authority in support of the action of the trial court herein. That case dealt primarily with the sufficiency of a petition as against a demurrer. Therein there had been a conversion, the manner or method thereof nor details as to other facts are not therein shown. The effect of the opinion is to hold that one is not confined to the justice of the peace court in the matter of obtaining redress for damages where the damages exceed the jurisdiction of that court. We do not hold herein that Hines must have sought and recovered all his damages in the replevin action, but the effect of our conclusion herein is to say that he must have obtained a favorable judgment on the issues properly therein determined before he may successfully assert the same as a basis of a subsequent cause of action for damages.

The trial court here should have sustained defendants' demurrer to plaintiff's evidence or defendants' motion for an instructed verdict on all the evidence. The judgment for plaintiff is reversed, and the cause remanded, with directions to render judgment for the defendants.

OSBORN, CORN, GIBSON, and DANNER, JJ., concur. BAYLESS, C. J., and RILEY, HURST, and DAVISON, JJ., dissent.