BROWN v. HIGBY et al.

No. 30285. May 12, 1942.

Rehearing Denied June 30, 1942.

127 P. 2d 195.

G. E. Conway, of Conway, Ark., for plaintiff in error.

L. A. Justice and F. J. Lucas, both of Tulsa, for defendants in error.

OSBORN, J. Harry C. Brown, hereinafter referred to as plaintiff, sued William E. Higby, doing business under the name of General Investment Company, and C. R. Bryan, doing business under the name of Bryan Motor Company, hereinafter referred to as defendants, for actual and exemplary damages resulting from an alleged conversion of an automobile. The trial court sustained a demurrer to plaintiff's petition, plaintiff refused to plead further, judgment was

entered in favor of defendants, and plaintiff has appealed.

The sole question presented is whether or not the petition stated a cause of action. Plaintiff alleged that defendant Higby was engaged in the business of loaning money; that defendant Bryan held himself out as the sole owner and operator of a used car business, but, as a matter of fact, owned an interest in the business of defendant Higby; that defendants had perfected an arrangement whereby Higby would loan money at usurious rates of interest upon the security of automobiles and transfer the paper to Bryan, who would claim to be an innocent holder thereof; that the purpose and plan was to escape the penalty of the law for the charging of usurious rates of interest.

Plaintiff alleged further that he procured a loan of $100 from Higby and secured the same by a chattel mortgage on his Ford automobile; that the rate of interest charged on said loan was usurious; that he made certain payments on the loan and defaulted, and "said default continuing," an action in replevin was instituted in the justice court for district No. 5 in Tulsa county, in the name of defendant Bryan, for possession of the automobile; that the same was seized pursuant to the process of the court and delivered to defendant Bryan, who in turn delivered it to defendant Higby; that default judgment was taken in favor of plaintiff in the justice court; that notices were posted and a sale of the property was had; that defendant Bryan, bidding for General Investment Company, purchased the same for the price of $70, "when the automobile was worth at least $100." Plaintiff alleged further that defendant Bryan, who instituted the replevin action, was not the real party in interest therein, and that under the circumstances alleged, the entire transaction was an unlawful and fraudulent scheme to evade the penalty of the law for charging usurious interest, and therefore constituted an unlawful conversion of his property, resulting in the loss of the lien thereon; that plaintiff was entitled to actual damages in the sum of $100, the value of the automobile, and $5,000 exemplary damages.

No appeal was taken from the judgment of the justice court, and the time for appeal has long since expired.

In support of his right to maintain this action, plaintiff cites the case of Terwilliger v. Bull, 155 Okla. 294, 9 P. 2d 45. In that case an action was instituted for damages for conversion of an automobile, and a demurrer was sustained to the petition on the ground that the allegations of the petition disclosed a former adjudication of the controversy by a replevin action in a justice of the peace court. It was alleged that the actual value of the property converted was $627.50. This court held that plaintiff was entitled to maintain the action for damages for conversion for the reason that the constitutional limitation of the jurisdiction of a justice of the peace was $200, and plaintiff could not be required to limit the amount of his recovery to said amount, which would be the result of requiring plaintiff to litigate his claim for damages in the court of the justice of the peace. In the later case of United Tire & Investment Co. v. Hines, 186 Okla. 238, 96 P. 2d 1047, it was held that a judgment of a justice of the peace in a replevin action, determining the value of the property, precluded the recovery of damages in another action involving the same property, upon the contention that the jurisdiction of the justice of the peace was fraudulently invoked by false affidavit in replevin as to value. It was therein pointed out that a valid judgment of the justice of the peace court is as conclusive of the issues and questions therein adjudicated as a judgment of any other court.

In the instant case plaintiff points out that the amount of damages for which he seeks recovery is $5,100, but of this amount only $100 is actual damages, the remainder being punitive or exemplary damages.

It is the rule in this jurisdiction that in the absence of actual damages, there can be no recovery of exemplary dam-

ages. Lily v. St. Louis & S. F. Ry. Co., 31 Okla. 521, 122 P. 502, 39 L. R. A. (N. S.) 663; Alexander v. Jones, 29 Fed. Supp. 690; Western Union Tel. Co. v. Garrett, 59 Okla. 50, 158 P. 619.

It thus appears that we must eliminate from consideration the allegations of the petition with reference to exemplary damages. Since the actual damages claimed are less than $200, the rule announced in the case of Terwilliger v. Bull, supra, is inapplicable.

Plaintiff's right of recovery depends wholly upon the establishment of a conversion of the personal property involved herein. Conversion is defined as any distinct act of dominion wrongfully asserted over another's property in denial of, or inconsistent with, his rights therein. 14 West's Oklahoma Digest, Trover and Conversion, Key No. 4. In this connection plaintiff has alleged that a replevin action was instituted in the justice of the peace court; that "said automobile was seized by and under process issuing out of said court in said cause"; that default judgment was taken on November 8, 1939, "in favor of the plaintiff and against defendant, for the possession of the described property in plaintiff's affidavit."

Where a right, question, or fact is distinctly put in issue and directly determined by a court of competent jurisdiction in a former suit between the same parties or their privies, the former adjudication of that fact, right, or question is binding on the parties and their privies in a subsequent suit, irrespective of whether or not the causes of action are the same. Craig v. Roxoline Petroleum Co., 170 Okla. 307, 39 P. 2d 575; Fulsom v. Mason, 107 Okla. 70, 229 P. 1072; Cressler v. Brown, 79 Okla. 170, 192 P. 417.

In 128 A. L. R. 474, appears the following note:

"It is a well-settled general rule that a judgment by default may be the basis of a plea of res judicata or estoppel in a subsequent action involving the same subject matter, and that such a judgment is just as conclusive upon whatever is essential to support it as is a judgment rendered after answer and contest."

In the instant case plaintiff does not seek recovery of a specific sum of money on the theory that the same, or any part thereof, constituted usury charged to plaintiff by defendants, neither does plaintiff seek to have the judgment of the justice of the peace court vacated or set aside, but plaintiff's whole cause of action is founded upon an alleged conversion of the automobile. While plaintiff has alleged that defendants unlawfully procured possession of the automobile, the allegations of his petition affirmatively show that the issue of the right to possession of said property was submitted to and finally determined by the justice of the peace court in favor of the defendants herein. The adjudication is binding upon plaintiff in the present action, and he may not now assert that possession of the property was wrongfully procured.

The trial court did not err in sustaining defendants' demurrer to plaintiff's petition.

The judgment is affirmed.

CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., and ARNOLD, J., absent.