McINTOSH v. V. & L. INV. CO.

No. 31813. Oct. 2, 1945.

*162 P. 2d 176.*

B. C. Franklin, of Tulsa, for plaintiff in error.

L. K. Pounders, of Bristow, for defendant in error.

OSBORN, J. This action was brought by the plaintiff, Milton McIntosh, against the defendant, the V. & L. Investment Company, a partnership, on October 9, 1943, to recover damages for the wrongful taking of a personal judgment against him. The parties will be referred to as they appeared in the trial court. Defendant's demurrer to the plaintiff's petition was sustained, plaintiff refused to plead further, and the trial court dismissed the action. Plaintiff appeals.

The material allegations of plaintiff's petition were that on April 27, 1942, he was, by the county court of Creek county, appointed administrator of the estate of Hattie Harrison, formerly Hattie Scruggs, and as her administrator took possession of all the property of her estate, including a certain automobile upon which the defendant held a mortgage; that thereafter he advertised the automobile and other personal property belonging to the estate for sale, but that before he could sell it the defendant filed an action in replevin against him individually in the superior court of Creek county, Okla., at Bristow, being cause numbered 4093 in that court, in which action the defendant secured judgment by default for the possession of said automobile and against the plaintiff individually, a copy of the judgment being attached to the petition as an exhibit. By reference he makes all papers and pleadings in said cause numbered 4093 a part of the petition; alleges that by the taking of said judgment he has been damaged in the sum of $2,000; further alleges that the judgment was secured against him in malice and in utter disregard of his rights, and asks for $500 exemplary damages. Copies of all the pleadings filed in said cause numbered 4093 appear in the transcript. Therefrom it appears that in that case McIntosh filed an answer denying the allegations of the petition, setting up his appointment as administrator, stating that as an individual he had no interest in or right to said automobile, but that as administrator he was entitled to possession thereof, and asking that he, as administrator of the estate of Hattie Harrison, be made a party. As administrator he filed a cross-petition for damages, which he thereafter dismissed. In that case the court sustained a demurrer to his answer. He filed no further pleading, and judgment was rendered against him on February 8, 1943, for the possession of said automobile, costs taxed at $13.20, and an attorney's fee for the attorney for the V. & L. Investment Company in the sum of $50. On June 25, 1943, after the expiration of the term at which the judgment was entered, he filed a motion to vacate the judgment on nonjurisdictional grounds, which motion was by the trial court denied. No appeal was taken from either the judgment or the denial of the motion to vacate.

The instant case is a collateral attack upon the judgment in case numbered 4093. Plaintiff urges that the judgment in that case is void for the sole reason

that he was in possession of the automobile as administrator of the estate of Hattie Harrison, deceased, and that therefore the court was without power to render a judgment against him personally in that case. We do not agree. The question of whether or not plaintiff was wrongfully withholding possession of said automobile, either individually or in his representative capacity, was a question which the trial court was called upon to decide in case numbered 4093. Therein it decided that question adversely to plaintiff. We must presume that a sufficient showing was made to support that judgment. Warren v. Stansbury, 190 Okla. 554, 126 P. 2d 251. That adjudication is binding upon plaintiff in the present action, and he may not now relitigate that question. Brown v. Higby, 191 Okla. 173, 127 P. 2d 195.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, CORN, and ARNOLD, JJ., concur.