Henry D. MATHIES, Administrator of the Estate of Jeannie Mathies, Deceased, Plaintiff in Error,

v.

Sherrie Rae KITTRELL, Defendant in Error.

No. 38774.

Supreme Court of Oklahoma.

Aug. 2, 1960.

See also 350 P.2d 951.

Wheeler & Wheeler, John M. Wheeler, John Wheeler, Jr., Robert L. Wheeler, Tulsa, for plaintiff in error.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for defendant in error.

## PER CURIAM.

The plaintiff in his petition alleged that he was the administrator of his daughter's estate and brought this action under the provisions of Title 12 O.S.1951 § 1051, for funeral expenses, injury to the person, property loss and punitive damages. He alleged in substance that in January of 1958, his daughter, Jeannie Mathies, deceased, was playing in the yard of her parents and that the defendant negligently drove her automobile onto the front lawn of the plaintiff's residence at a high and dangerous rate of speed and struck the deceased child, crushing and mangling her body, and causing her death. The plaintiff alleged that the defendant was guilty of gross and wanton negligence in that she was sky-larking in her automobile and as a result lost control of the same. Plaintiff alleged that the estate of the deceased child had become liable for funeral expenses in the amount of $1,500; clothing she was wearing at the time of her death was destroyed, and had a value of $50; and that by reason of the wanton, wilful and oppressive negligence of the defendant, plaintiff was entitled to recover on behalf of the estate $25,000 as punitive damages.

To this petition the defendant demurred on the ground that the petition failed to state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant, and the trial court sustained the demurrer.

The only issue here for our determination is whether plaintiff's petition states a cause of action which survived under the provisions of Title 12 O.S.1951 § 1051. Said statute provides:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, * * * shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same."

This statute has been uniformly construed by this court as meaning that the administrator of the deceased person may sue and recover such damages only as were sustained by the deceased person in his lifetime; such damages only as accrued to deceased between the time of his injury and his death.

St. Louis & S. F. R. Co. v. Goode, Adm'x, 42 Okl. 784, 142 P. 1185, L.R.A. 1915E, 1141, in construing said revivor statute, held:

"The damages recoverable in such action, when revived, are only such as were sustained by the injured person in his lifetime (such as accrued in the period between the injury and his death), and when recovered are assets of his estate, and are not for the benefit of the widow and next of kin, except as they may take as heirs upon the final distribution of the estate."

The petition does not allege that the child survived for an instant. Nor does it claim or seek any damages for the personal injuries of the child, for pain and suffering or for any other damages to which the deceased child would have been entitled had she lived and brought this action on her own account.

■ Since the damages recoverable in a survivor action are limited to the damages which accrued to the deceased child up to the time of her death, it follows that funeral expenses cannot be recovered in a survivor action. Funeral expenses accrue from and after the death and are properly a part of the damages to be recovered in a wrongful death action. Crossett v. Andrews, Okl., 277 P.2d 117; St. Louis & S. F. R. Co. v. Goode, supra. The value of the clothing the deceased child was wearing at the time of her death would not be a loss or damage to her during her lifetime. See St. Louis & S. F. R. Co. v. Goode, supra. See also 67 C.J.S. Parent and Child, § 57, in which it is said:

"Things given to the child by the parent by way of support or as necessaries, such as clothing and the like, remain the property of the parent and do not belong to the child, notwithstanding his possession of them; and hence the parent has a right of action against a third person who causes or is responsible for the loss or destruction of such property, or deprives the child thereof."

As the plaintiff administrator's petition in the present case contained no allegation indicating that ownership of the clothing she wore was in her, instead of her parents, it stated no cause of action for actual damages.

■ Since plaintiff has not stated a cause of action entitling him to any actual damages, the question of punitive damages becomes immaterial. See Tit. 23 O.S.1951 § 9, and the rule cited in Brown v. Higby, 191 Okl. 173, 127 P.2d 195, 196.

In accord with the foregoing, we hold that the trial court committed no error in sustaining defendant's demurrer and dismissing the action. Its judgment is therefore affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.